## No. 187.

### JULIA C. McKENZIE ET AL. VS. GABRIELLA BACON ET AL.

A suit for the dissolution of the sale of immovable property, coupled with a demand for possession, is not a purely personal action, as it involves mainly the ownership of an immovable; it partakes of the nature of a proceeding *in rem*.

Hence such a suit may properly be brought in the parish where the property is situated, and in such a case non-resident defendants may properly be cited through a curator *ad hoc* without the necessity of subjecting their property under the control of the court by process of attachment.

APPEAL from the First District Court, Parish of Caddo. Taylor, J.

*H. C. Miller*, *F. L. Richardson* and *Watkins & Watkins*, for Plaintiffs and Appellants:

1. An action for the revendication of real property is properly brought before the court having jurisdiction over the property. C. P. art. 163; C. C. 56.
2. Absent defendants in such an action may be represented by a curator *ad hoc*. 6 Ann. 648.
3. If the absent defendant is not a necessary party, the suit should not be dismissed as to other defendants who have been cited and have not pleaded to the jurisdiction. Ibid.
4. An action for revendication of real property is not a personal action. C. P., art. 41.
5. "A curator *ad hoc* may be appointed, if the absentee becomes a necessary party to a suit between other parties lawfully in court. Field vs. Delta, 19 Ann 36.

*T. T. Land*, curator *ad hoc.*

*Alexander & Blanchard* and *Wise & Herndon*, for Defendants and Appellees:

1. It is now the settled jurisprudence of the Supreme Court of the United States that, except in actions affecting personal status, or in those partaking of the nature of proceedings *in rem*, like suits to partition real estate, foreclose mortgages or enforce privileges or liens, substituted service, as against a non resident, can be effectual as "due process of law," under the fourteenth amendment to the Constitution of the United States, only where, in connection therewith, property in the State is brought under the control of the court, and is subjected to its disposition by process adapted to that purpose. The question being Federal in its nature, former jurisprudence of this court on this subject must yield to the authority of the Supreme Court of the United States. 35 Ann. 1184; 36 Ann. 796; 95 U. S., 365; 98 U. S., 714; 10 L., 220, 381; 18 Ann. 682; 23 Ann. 80; 5 R. 418; Story Conf. Laws, pp. 914, 921; Bigelow on Estoppel, pp. 209, 210; Ib., pp. 212, 213, 214; Cooley's Const. Lim., pp. 505, 506, 507.
2. A probate sale cannot be annulled in a suit to which the vendee is not a party. 3 L. 523.
3. To rescind a sale so as to place parties in *statu quo*, the parties to the sale and the recission must be the same. 9 Ann. 75.

A resolutory condition is implied in all communicative contracts, to take effect in case either of the parties do not comply with his engagements; in this case the contract is not dissolved of right; the party complaining of a breach of the contract may either sue for its dissolution with damages, or, if the circumstances of the case permit, demand a specific performance. R. C. C. 2046.

Personal actions arise from contracts where one has bound himself for his own advantage, as by selling, purchasing, hiring or letting, or by any like contract C. P. 29.

An action to annul a sale on the ground of non-payment of the purchase price is a personal action, and prescribed by ten years.

4. This suit is a personal action to annul a contract, and not a petitory action against the non-resident defendants to recover a tract of land. No such action would lie against said non-residents because they are not in possession by agent, lessee or otherwise. C P. 43.

5. Neither is this suit a petitory action against the vendees of Donaldson, because no such action would lie against them before a judgment dissolving the sale from Donaldson to White was duly obtained and became final.

6. A non-resident vendor cannot be called in warranty merely by the appointment of a curator *ad hoc*, and a judgment rendered against him. Pagett vs. Curtis, 15 Ann. 451; Steel vs. Smith 9 Ann. 171.

The opinion of the Court was delivered by

Poché, J. Plaintiffs brought their action for the dissolution of a sale of an immovable for non-payment of the price, and filed it in the parish of Caddo, where the property is situated. They sought to bring the non-resident heirs of the original vendee into court by means of the appointment of a *curator ad hoc*. The other and successive vendees and their legal representatives are all residents of the State.

The curator excepted to the jurisdiction of the court on the ground, substantially, that the non-resident defendants, who own no property in this State, and against whom no attachment has been sued out, could not be cited in the mode proposed by plaintiffs, which mode does not constitute "due process of law" within the meaning of the fourteenth amendment to the Constitution of the United States.

This appeal is taken from a judgment maintaining that exception and dismissing the suit.

The principal contention of the curator involves the proposition that an action for the dissolution of a sale for non-payment of the price, having for its object the rescission of a contract, is purely a personal action, in which the respective defendants, vendees, are not sued jointly, and that therefore non-resident defendants cannot be legally brought into court by process of citation on a *curator ad hoc*.

The argument is not tenable, and finds no support in the authorities on which it is predicated.

The demand of plaintiffs is two-fold in its character; it embraces the dissolution of the sale and the possession thereunder of the property. The pith of the controversy under the issues thus tendered presents the question of the title or ownership of immovable property.

The demand for the dissolution of the sale is a necessary step required by law as a means of acquiring possession of the property by the vendor, and that feature of the proceeding cannot be invoked as solely characterizing the nature of the action. The law provides that under the effect of the resolutory condition the contract is not dis-

solved of right by the failure of either of the parties to comply with his engagements; the dissolution must be judicially enforced. C. C., arts. 2045, 2046.

The legal effect of the dissolution of a sale under the resolutory condition is to place matters as though the sale had never existed; hence, it follows that the practical result of the judgment enforcing the condition is to restore the ownership and the possession of immovable property to the previous owner, the complaining vendor.

These conditions lead to the inevitable conclusion that such a proceeding is not a purely personal action as contemplated in our Code of Practice, and as understood in jurisprudence, but that it partakes of the nature of a proceeding *in rem*.

As thus defined, the present action falls within one of the exceptions recognized as instances in which a non-resident defendant can be legally brought into court without the necessity of bringing any of his property under the control of the court. It is thus clear that the authorities quoted by the curator in support of his contention do not militate against the views which we have just expressed. Laughlin vs. N. O. Ice Company, 35 Ann. 1184, and authorities therein cited from the Supreme Court of the United States.

We have considered the decision of this court relied on by the curator in support of his contention that a proceeding of this nature is a personal action. Those cases only go to the extent of subjecting these actions to the term of prescription, which bars all personal actions not otherwise enumerated in the Civil Code under the head of prescription. But in none of the cases was the court called to define authoritatively the precise nature of the action in reference to the classification of action in the Code of Practice.

In each of the cases the issue tendered, and the only adjudication made, involved the plea of prescription of ten years. Jones vs. Crocker, 1 Ann. 440; George vs. Lewis, 11 Ann. 654; Hunter vs. Williams, 16 Ann. 130.

The only reference to personal actions in either of the cases is in the decision of the 11th Annual, and we fail to draw from it the slightest inference that the court intended to classify the suit a personal action. The language used by Judge Spofford reads as follows:

"We conclude that the present action, not being an action of nullity or of rescision, is not regulated *as to prescription* (italics are ours), by art. 3507 of our Code, * * * it falls rather within the general category of personal action, limited to ten years by the article 3508."

It is clear to our minds that the question discussed was not the clas-

sification of the action, but that the only point made by the court was that, as to prescription, the action for a dissolution of a contract for non-compliance with the terms thereof must be regulated by the prescription which applies to the category of personal actions provided for in the article 3508 of the Civil Code.

We therefore conclude that the suit was properly instituted in the parish of Caddo, and that this is a case which justified and required the appointment of a curator *ad hoc*, to represent the non-resident defendants, (C. P., 163; C. C., 56), and that there is error in the judgment appealed from.

It is therefore ordered that the judgment of the district court be annulled, avoided and reversed, that the exception interposed by the curator *ad hoc* be dismissed, and that the cause be remanded to the lower court for further proceedings according to law.

Mr. Justice Watkins, having been of counsel, recuses himself.