BLANCHARD, J.
Plaintiff sues to annul the sale of 64 and a fraction acres of land on the ground of lesion beyond moiety.
He made the sale to defendant in June, 1899, for the price of one hundred dollars.
He now alleges the land to have been of the value at that time of $2,265.90.
He represents he was ignorant of the value *987 of the property and was imposed upon, as to its value, by defendant.
His prayer is for the rescission of the sale.
The suit was brought in the Parish where the land is situated.
Defendant, being a resident of another Parish, filed an exception to the jurisdiction of the court, ratione personas.
His contention is the suit should have been brought in tne court of his domicil.
This exception was overruled, and with reservation of his rights thereunder, defendant answered denying the lesion complained of and the averment of imposition made by plaintiff.
Should, however, lesion be found to exist, he asked for delay to decide whether to surrender the land to plaintiff and demand the return of the price paid, or to make up the just price of the sale, retaining the land.
There was judgment setting aside the sale and ordering the property restored to plaintiff, upon payment by him to defendant of the one hundred dollars, its price, with legal interest from the date of sale.
The value of the land, at the date of the salé, was fixed by the judgment at $1,294.80; and defendant was granted thirty days from final judgment within which to decide whether to keep the property by paying that price, less what had already been paid, or to surrender it to plaintiff.
Defendant appeals.
Lesion is defined in the Code to be the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. The remedy given for this injury is founded on its being the effect of implied error or imposition, for, in every commutative contract, equivalents are supposed to be given and received. Civ. Code, arts. 1860, 2589.
In sales of immovable property the vendor may be relieved if the price given be less than one half of the value of the thing sold. Civ. Code, art. 1861.
In actions brought for relief against lesion, the purchaser may, if lesion be established, elect either to rescind the sale or to have it confirmed on paying the full value. Civ. Code, arts. 1877, 2591.
Should he decide to keep the thing by making up the just price, he must pay the interest on the additional price from the day when the rescission was demanded (Civ. Code, art. 2592), not from the date of the sale itself, as the judgment appealed from erroneously holds.
The question first arising is, did the trial court have jurisdiction? Must the suit have been brought at the domicil of defendant, or was it permissible to bring it in the Parish where the land is situated?
We answer these queries as the District Judge did. His court had jurisdiction. It was permissible to bring the suit in the court of the situs of the property, because the action is one in revendication of real property. Code Prae. art. 163.
Revendication means to reclaim; to demand the restoration of.
When a vendor claims rescission of the sale he has made on the ground of lesion beyond moiety, his action is in effect one to reclaim the property; he demands its restoration to him on returning the inadequate price he has received.
The lesion being established, the purchaser may elect either to surrender the property or keep it on making up a just price. But this is at his option. It is personal to him.
Because he has this right, does not detract from the character of the action the plaintiff has brought as one of revendication of real property. See McKenzie v. Bacon, 38 La. Ann. 764; Maduel, Executor, v. Tuyes, 30 La. Ann. 1404.
Hence, the suit is in no sense what defendant’s counsel claims for it; viz.: — one to compel the purchaser to elect whether he will retain the land by making up the just price, or surrender it.
The question next arising is, was there lesion beyond moiety?
This is a question of fact to be determined from the evidence.
We hold with the District Judge there was such lesion. The property was worth much more than double the price defendant paid for it — worth it at the time the sale was consummated.
But our appreciation of the evidence has not led to the conclusion that the land was of the value of twenty dollars per acre at the date of the sale, as was held by the trial Judge.
Two-thirds of the tract is low swampy land, covered the entire year, or nearly so, *989 ■with water, and the remainder is not first class tillable land suitable for the best results attainable in rice culture. Where the land is situated, is the rice-growing region of the state.
The adaptability of the tract as the site for a pumping plant in connection with an irrigating canal is conceded, but being practically surrounded by the lands of defendant and his partner and co-owner, W. H. Cary, and being cut off from the Mermentau River, the source of water supply for a pumping plant and irrigation canal, by the lands of defendant and his co-owner, it would not be available for a pumping plant except by consent of the owners of the adjoining land.
Thus, the river, which is distant a quarter of a mile from the land in controversy, could not be reached without digging a canal across the intervening lands of Bibbins and Cary. Nor could other properties in the vicinity be irrigated by means of a pumping plant located on the land in question except through canals excavated across lands owned by other people. Non constat that the ptlaintiff, if restored to the ownership and possession of the tract, could utilize it as a pumping station by obtaining a right of passage over the adjoining lands to the river, the only source of water supply, or over adjoining lands for an irrigating canal to supply water to neighboring rice farms.
This being the situation, the consideration of the value of the land is necessarily restricted to the inquiry what were lands, of the character this tract is shown to be, worth in that neighborhood in 1899, disconnected with the idea of adaptability as the situs of a pumping plant.
Taking the whole testimony, pro and con, and averaging the same on values, ten dollars per acre would, we think, have been a good, sound price for the tract plaintiff sold defendant at the date of the sale in June, 1899.
We understand, and so hold, that defendant’s appeal is from the judgment, (1), finding lesion beyond moiety and rescinding the sale because of it, and, (2), fixing the value of the land at twenty dollars per acre.
In our view, his appeal fails on the first and'succeeds on the second.
The sale is held void on account of the lesion averred, and in the option defendant has of surrendering the land, or retaining it on making up a just price, that price is held not to be twenty dollars, but ten dollars per acre.
It is, therefore, ordered, adjudged and decreed that so much of the judgment appealed from as decrees the setting aside of the sale of the land made in June, 1899, by plaintiff to defendant and orders the restoration of the property to the possession of the plaintiff upon the payment by him to defendant of one hundred dollars with legal interest from the date of sale (with reservation to plaintiff of the right to claim rents), be affirmed.
It is further ordered, etc., that in other respects the .judgment appealed from be amended so as to fix the true value of the land in controversy, at the date of the sale, at the sum of Six Hundred and forty-seven & 4o/100 Dollars, instead of Twelve Hundred and ninety-four & so/100 Dollars, and defendant is granted thirty days after this judgment becomes final within which to decide whether to surrender the property to plaintiff, or keep the same on paying said sum of Six Hundred and forty-seven & 40/100 Dollars to plaintiff, with legal interest from the date this suit was filed, February 2, 1901, less the price of one hundred dollars originally paid.
It is further ordered, etc., that the costs of the lower court be borne by defendant; those of appeal by plaintiff.