## BROWNE v. GAJAN.

### No. 1727.

Court of Appeal of Louisiana. First Circuit.

June 30, 1937.

For former opinion, see 173 So. 485.

Borron, Owen & Borron, of Baton Rouge, for appellant.

S. O. Landry, of New Iberia, for appellee.

Le BLANC, Judge.

The earnest manner in which counsel for plaintiff presented their application for rehearing prompted us to reopen this case and give further consideration especially to one of the vital points therein, and on which hinges the decision on the question of jurisdiction, the only issue with which the court is at this moment concerned.

The case is fully stated in the original opinion herein handed down which has now been published and is reported in 173 So. at page 485. It is needless for us to state it further. As it therein appears, we held that, even assuming that the sale of an interest in minerals on and under, and to be produced from land, created a right in the land in the nature of a real servitude, this action did not involve a matter relating to any such right or servitude, and therefore did not come within the exception to the general rule regarding jurisdiction as provided for under paragraph 8 of article 165 of the Code of Practice which gives the judge of the place where the property is situated cognizance of the case in actions for trespass and in all matters relating to real servitudes. We held also that the suit was not one to revendicate or to recover real property in Iberville parish, and for that reason did not come within that exception to the general rule with respect to jurisdiction of causes as provided for under article 163 of the Code of Practice.

■ What we assumed as a premise with regard to the nature of the sale of an interest in minerals on or under and to be produced from land, in order to construe the character of the action presently before us in its relation to such a transaction, has since been definitely ·decided as a matter of law, for in the case of Gulf Refining Co. v. Glassell, 186 La. 190, 171 So. 846, 848, 849, the Supreme Court clearly and distinctly classified the sale of mineral rights as a "right of servitude on the realty or a real right in the land." This case was cited on this point in the very recent case of William L. Posey v. G. K. Fargo et al., 187 La. 122, 174 So. 175. We need not merely assume now, that the sale of the minerals from the plaintiff to the defendant was one which produced the legal effect of a right of servitude on the land itself from which they were sold, or in other words that it created a real right in the land. We can state it as a settled matter of law and proceed to a consideration of the next vital point in the case, which is, whether the matter with which we are directly concerned in this suit, namely, the reformation or correction of such a contract of sale, is one relating to the real servitude created thereunder.

In our original opinion we held that a suit to reform a written document was

purely a personal action and should be brought at the domicile of the defendant. We based this opinion on the cases of Copley v. Berry, 12 Rob. 79, and Louisiana Oil Refining Corp. et al. v. Gandy et al., 168 La. 37, 121 So. 183.

Further reflection has convinced us that the questions at issue in those cases were not considered in connection with the articles of the Code of Practice creating exceptions to the general rule of jurisdiction. Copley v. Berry was decided in 1845 and the opinion makes no reference whatever to the articles of the Code of Practice providing any such exceptions, granting that the articles at that time read as they do now. Besides, the plea to the jurisdiction of the court of the parish in which suit was brought, was urged on the ground that it was neither the place of residence of the defendants, nor that in which the land was situated, and we are therefore somewhat at a loss to understand on what basis jurisdiction was sustained. The court seems to have been influenced to a great extent by the charges of fraud that had been made against the defendants and in fact concluded, from the evidence in the record, to annul the sale as fraudulent.

In Louisiana Oil Refining Corp. et al. v. Gandy et al. the court merely considered the nature of the action in its relation to a plea of prescription and was not concerned at all with the question of venue and with the exception to the general rule of venue arising under the articles of the Code of Practice. We think it significant enough to note here that the court cited the same cases as were cited in the case of McKenzie et al. v. Bacon et al., 38 La.Ann. 764, and in which the court, in referring to these authorities stated: "We have considered the decision of this court relied on by the curator in support of his contention that a proceeding of this nature is a personal action. Those cases only go to the extent of subjecting these actions to the term of prescription, which bars all personal actions not otherwise enumerated in the Civil Code under the head of prescription. But in none of the cases was the Court called to define authoritatively the precise nature of the action in reference to the classification of action in the Code of Practice."

We have been unable to find any case in Louisiana where a suit to reform a contract involving real property or a real servitude, has been considered in its relation to article 165 of the Code of Practice providing exceptions to the general rule of venue. Our further investigation however, since the granting of this rehearing, has led us to other jurisdictions where we find that, invariably, it has been held that an action to reform a deed or a lease or any other contract, having to do with realty, is an action for the determination of an interest in the realty itself and is properly brought in the court of the situs of the property. In Corpus Juris, vol. 67, p. 65, a special section is devoted to our Louisiana law as embodied in article 163 of the Code of Practice relating to actions of revendication. The section enumerates the various forms of action in revendication which have been properly brought, according to the authorities cited, in the parish where the land was situated. This is section 104. In the following section, which is of a more general character, it is stated: "Enactments requiring suits for the recovery of real property of an estate or interest therein, or for the determination of such interest, to be brought where the land is located, apply to suits for the reformation of land contracts, suits to reform timber deeds, suits to correct the description in a deed of undivided mineral interests, and to suits for reformation of leases of real estate under which if reformation were refused, plaintiff's interest and possession might be terminated. * * *."

In the case of Franklin v. Dutton, 79 Cal. 605, 21 P. 964, the court, in reversing an order of the lower court which had changed the place of trial from the county where the property in a suit for reformation of a contract of sale was located to the county where the defendant resided, stated, "If it be an action for the determination, in any form, of a right or interest in real estate, situated in Santa Barbara county, it must be tried in that county."

In Nunnally v. Holt (Tex.Civ.App.) 1 S.W.(2d) 933, 934, we find a case strikingly similar to the one presently before us. The allegation there was, that, by mistake of the party who drew it up, the deed contained the sale of an undivided one thirty-second interest in and to all oil, gas, and other minerals in and under a certain described tract of land, whereas the true agreement and the real intention

of the parties was to the effect that plaintiff was to receive, and defendants were to convey, by such instrument, such interest in the oil, gas, and other minerals as would entitle plaintiff to one-fourth of all the oil royalty and gas rental or royalty due to be paid under the terms of a lease executed in favor of another party covering the said property during the period covered by such instrument. The prayer was for judgment "directing and compelling defendants to execute a new and reformed mineral deed which shall properly and correctly name and fix the interest of the plaintiff," and for such other relief as the case warranted. The court held that the proper venue was the county in which the land was located. The language used is so pertinent to the issue before us that we take the liberty of quoting at length from the reported opinion:

"Succinctly stated, the plaintiff seeks to have correction or re-execution of a deed, which did not conform to the actual rights of the parties thereto mutually agreed to, for the reason of 'mistake of the writer who drew the same.' The remedy was asked for merely for the purpose of correcting the deed, as necessary to a restoration to full rights in the realty. This species of remedy of correction or re-execution of a deed, allowable when the special circumstances warrant it, is an effective remedy, by means of which the plaintiff's primary right is declared or restored, of his full rights in the realty. The office of the remedy is to establish and effectuate rights under the instrument in accordance with the intention of the parties thereto. It was the sole and final relief needed by him, in immediate effect and operation the same as quieting title, the legal obstacle to full enjoyment of the right being removed. * * *

"Thus it would seem that the relief sought and obtainable would be so far immediately concerned with or relating to title to realty as to operate, in view of the statute, to restrict the venue to the location of the realty."

We do not have access to the Texas statute referred to and therefore do not know how it reads, but certainly no language we could use would be more pertinent in considering the same question in connection with our own statute which provides that "in all matters relating to real servitudes * * * the judge of the place where the property is situated shall have cognizance of the cases." Article 165, par. 8.

We have concluded, after further consideration, that we perhaps gave too much attention to the form of the action and not enough to its substance and to the result sought to be accomplished by it. Assuming that plaintiffs would be successful in obtaining reformation of the deed, the mechanics of correction would be simple enough, merely requiring the acts of the parties thereto and of the notary and witnesses in signing and executing another deed. But the effect produced would be far more reaching. It would involve the transfer of an undivided one sixty-fourth interest in the minerals on and under, and to be produced from the land of the plaintiffs back to them from the defendants, who, under the allegations of the petition, have title to that one sixty-fourth, only because of some mathematical miscalculation or else through fraudulent design. The relief sought, therefore, is a matter which relates to a real servitude and as such, one which comes under the exception provided for under paragraph 8 of article 165 of the Code of Practice. The district court of Iberville parish in which the land is situated is vested with jurisdiction of the cause and we were in error in holding otherwise.

The view we take of the case on this point disposes of the issue presented and makes it unnecessary for us to consider any other.

For the reasons stated it is now ordered that the judgment and decree of the district court as also the decree handed down by this court on the original hearing be, and the same are hereby set aside, annulled, and reversed, and it is now further ordered that the exception to the jurisdiction of the district court of Iberville parish be and the same is hereby overruled and that the case be remanded to the said court for further proceedings according to law.

All costs so far incurred in this proceeding are to be paid by the defendant, appellee herein; the remaining costs to abide the final determination of the suit.