## COONEY v. BLYTHE CO., Inc.
### No. 2197.

Court of Appeal of Louisiana. First Circuit.
March 4, 1941.

Fred G. Benton, of Baton Rouge, for appellant.

Stewart & Taylor, of Baton Rouge, for appellee.

LE BLANC, Judge.

Plaintiff sets out in his petition a number of transactions involving certain contracts to sell and buy several lots described by numbers and squares in a certain subdivision located in the Third Ward of East Baton Rouge Parish, north of the City of Baton Rouge. Some of the lots are alleged to have been obtained by exchange for others. The transactions cover a period of fifteen years.

Plaintiff alleges that they were all evidenced by written agreements and that the documents which he had were either misplaced or lost but that the defendant has in its possession all of the originals of the said documents and is also in possession of all the facts and data surrounding these transactions including the description of the properties, prices agreed upon and the actual sums which have been paid.

Plaintiff further alleges that he holds various acknowledgments of these transactions on the part of the defendant by letters written at various intervals and in

which the defendant also claims certain balances due. .

He alleges further that despite all letters to this effect, defendant as late as June, 1937, sold certain of the lots to other parties who became the legal owners thereof because his contracts with the defendant were not recorded.

Plaintiff also alleges that he had a contract with the defendant to do certain work in grading the streets in the said subdivision for an agreed price of $750, one-half of which amount was to be paid to him in cash and the balance in lots to be selected by him in the subdivision; that that contract was acknowledged by a letter to his attorney as late as June, 1937. He avers that he was paid the sum of $270, leaving $105 due on the cash part of the consideration, but that defendant has refused "to make it possible" for him to select lots as agreed on, and in the meantime they have been disposed of and therefore defendant cannot comply with that part of the contract. He alleges that he incurred an engineer's fee of $30 and did extra bridge work amounting to $59.04, and that all told the defendant owes him a cash balance of $194.04 for that work. He then alleges again that he did some extra work to the defendant's knowledge amounting to the sum of $100.

Plaintiff then sets out that he has long since paid in full the amounts due by him on the contracts to purchase the lots and that the only claims the defendant has against him is for taxes, and as to these they have been paid by the principle of compensation under the law.

In paragraph 16 of his petition plaintiff alleges that defendant has continued to sell lots in the subdivision and is unable to make title to the lots which he bought, or some of them; and in default it owes him a full accounting for the value of the said lots or at least for the sums paid by him, with legal interest from date of payment until reimbursement.

In paragraph 17 he repeats that the defendant is in exclusive possession of the facts surrounding the transactions, that he relied on them for keeping proper records, and, as he is not in a position to show specifically what the facts are in respect to the payments made by him, and in respect to the conflicting sales made by the defendant, by deed, contract or otherwise, apart from the cash sums claimed, "he is unable to know the definite relief to which

he is entitled until the said defendant has made a complete accounting to him in respect to these facts."

In paragraph 18 plaintiff claims that he is entitled to judgment for the sum of $194.04.

In paragraph 19 he avers that as to the lots purchased, in so far as it lies within the power of the defendant to do so, he is entitled to receive a deed and as to those disposed of, he is entitled to damages for their value, or at least for the amounts paid by him, and he is entitled to an accounting showing the present status of the said lots as to ownership or otherwise.

In paragraph 20, he alleges that with reference to the selection of lots to be made by him to the extent of $375, in so far as defendant can comply with its agreement, it should be called on to point out lots available and in default, he should recover judgment for a monied sum.

The prayer of the plaintiff's petition is that there be judgment ordering the defendant to file a full accounting to plaintiff in respect to these matters: (1) Showing lots purchased by plaintiff under the contracts and agreements alleged upon, the purchase price in each case, the amounts paid with dates and the sums claimed still due as taxes, interest or otherwise, and when any such amount or amounts accrued; (2) rendering a full accounting in respect to the selections that were to be made available of lots under the item of $375, showing what lots are still available and rendering specific performance in regard to said item of $375.

The prayer further continues as follows: "That after due proceedings in respect to the said accountings that there be judgment * * * ordering specific performance of the lots due petitioner in so far as it lies within the power of the defendant company to render specific performance and that there be judgment otherwise in favor of petitioner and against the said defendant for the value of said lots and/or for the value represented by said lots in so far as defendant is unable to render specific performance in reference thereto, or for the amounts petitioner paid upon said lots with legal interest thereon from the date of such payments until reimbursement is made by the said defendant company; and further that there be judgment in favor of petitioner and against the said defendant for any sum or sums shown to be due petitioner on all of the items al-

leged upon above, for work rendered and performed by petitioner for the benefit and account of the said defendant company under contract, as alleged upon, and upon quantum meruit, with legal interest thereon from date of judicial demand until paid, and subject to any reasonable compensation offset or counterclaim that may be necessary to fully protect the defendant company in respect to any balance due by petitioner, for taxes, interest or otherwise."

The petition having alleged that the defendant company is a corporation organized and existing under the laws of this State, domiciled in the Parish of Orleans, but doing business in East Baton Rouge Parish, an exception to the jurisdiction of the Court of East Baton Rouge Parish was filed and after argument and submission was sustained by the district judge. Plaintiff's suit having been dismissed in the judgment sustaining the exception to the jurisdiction, this appeal was taken and is now being prosecuted.

The petition, as may appear from the allegations which have been referred to and from a reading of the prayer, most of which has been quoted herein, is very involved and complicated. It is rather difficult to understand exactly the nature of the relief, or of the various forms of relief, which the plaintiff is seeking. His attorney must have felt doubtful himself, as in preparing the petition, it is significant that he states in paragraph 17 that the petitioner is unable to know "the definite relief to which he is entitled until the said defendant has made a complete accounting to him in respect to these facts," the facts being all of those which he is seeking to elicit from the defendant in an effort, as we view it, to find out exactly what will be the nature of the relief he will ultimately ask for.

Counsel for plaintiff contend that the suit is in the nature of one for revendication of real property and as such it comes within one of the exceptions to the general rule laid down in Article 162 of the Code of Practice that in civil matters, a person must be sued before the Judge having jurisdiction over the place where he has his domicile or residence. The exception referred to is that one provided for in Article 163 of the Code of Practice relative to actions of revendication of real property in which the suit may be instituted within the jurisdiction where the property is situated although the defendant may have his domicile or residence out of that jurisdiction.

We find ourselves unable to agree with learned counsel for the plaintiff that this is an action of revendication, which is in the form of a petitory action, and in which it is necessary as provided for in Article 44 of the Code of Practice, for the plaintiff to make out his title. In the case of Smart v. Bibbins, 109 La. 986, 34 So. 49, the Supreme Court defined the word revendication as used in the Code, and stated: "Revendication means to reclaim; to demand the restoration of." Bouvier's Law Dictionary, vol. 2, Rawle's Third Revision, page 2953, defines revendication as "an action by which a man demands a thing of which he claims to be the owner." In the case before us nowhere in the petition does the plaintiff allege himself to be the owner of any particular piece of real property and in the prayer nowhere does he ask to be recognized as, nor does he claim to be, the owner of any property whatsoever. On the contrary from the allegations of the petition we would infer that it is impossible for the plaintiff to claim the ownership at this time of any specific lot or lots of ground because he does not know which of the lots he alleges the defendant was under contract to sell to him have been sold and disposed of to third parties who are the legal owners thereof, because his contract of sale had never been recorded. The prayer of his petition indicated this very thing because nowhere does he ask for the specific performance of any contract relative to any particular lot or lots of ground.

In the Article of the Code of Practice which provides the exception under which plaintiff claims to be proceeding, that is Article 163, we find that in all actions therein specified, it is provided, *"that all judgments rendered in such cases shall only be operative up to the value of the property proceeded against,* and not binding for any excess over the value of the property in personam against the defendant." (Italics ours.) As there is no particular property *proceeded* against in plaintiff's present action, it strikes us, that it would be impossible to render a judgment, under the relief prayed for by him, which would comply with that provision in the Article of the Code of Practice.

It seems to us that plaintiff's present action, as set out in his petition, is primarily one for an accounting of the various transactions which took place between him and the defendant relating to

the different contracts set out therein with the possibility of specific performance for part at least of these contracts if, after the accounting is had, it would appear that it is still in the power of the defendant to render specific performance. In its present form, we are unable to hold with him that his suit is one for the revendication of real property and for that reason the action was improperly instituted in the district court of the Parish of East Baton Rouge which is not the domicile of the defendant as appears on the face of the petition itself.

The judgment below which sustained the exception to the jurisdiction and dismissed the suit is correct and it is therefore affirmed at the costs of the appellant.