The plaintiff, Sidney J. Weber, Jr., brought suit in the Nineteenth Judicial District Court for the Parish of East Baton Rouge against H. G. Hill Stores, Inc., a corporation organized under the laws of Louisiana and domiciled in the City of New Orleans, seeking an interpretation and construction of a lease on commercial property entered into between him and the defendant on June 20, 1940 and asking for *Page 502 
the recovery of accrued rentals in the amount of $10,198.15 alleged to be arbitrarily withheld by the defendant. In the alternative, the plaintiff asked for the reformation of the lease so as to reflect the true intention of the parties. The defendant interposed an exception to the jurisdiction ratione personae based on the ground that the defendant must be sued at its domicile in the City of New Orleans. Upon hearing, the exception was overruled, and the defendant applied to this Court for writs of certiorari and prohibition. The writs were granted, and the matter is now submitted for our determination.
It is admitted that the defendant's domicile is in the Parish of Orleans, and the only question presented is whether or not a suit of this nature comes within one of the exceptions to the established rule that a defendant must be sued in the courts of his domicile.
The plaintiff takes the position that the suit is for the determination of a right or interest in real estate situated in the Parish of East Baton Rouge, and that the proper forum in suits of this nature is the situs of the property. On the other hand, the defendant contends that the lower court was without jurisdiction for the reason that the suit does not come under any of the exceptions to the rule that a defendant must be sued in the courts of his domicile.
At the outset, we might say that it is not a function of this Court to enter declaratory judgments. While the plaintiff *Page 503 
seeks an interpretation of the contract, he, at the same time, asks to recover more than $10,000 on the interpretation placed thereon by himself. This, in our opinion, constitutes a moneyed demand for an amount alleged to be due under the terms of the lease, which clearly comes within the purview of the general rule that a defendant must be sued in the courts of his domicile. The plaintiff's alternative demand to reform the lease is also a personal right which can only be enforced in the courts of the defendant's domicile.
The plaintiff is under the impression that the Nineteenth Judicial District Court has jurisdiction over a suit of this nature under paragraphs eight and nine of Article 165 of the Code of Practice. He also relies on certain statements made in the opinion handed down in the case of Browne v. Gajan, La.App., 175 So. 486.
Paragraph eight of Article 165 of the Code of Practice reads as follows: 8. "Trespass on Real Estate. In actions of trespass on real estate and in all matters relating to real servitudes, be they natural or conventional, the judge of the place where the property is situated shall have cognizance of the cases."
This suit is not one for trespass and does not relate to a real servitude.
We had occasion in the case of Gulf Refining Co. of Louisiana v. Glassell, 186 La. 190, 171 So. 846, prior to the adoption of Act 205 of 1938, to entertain a mineral lease and arrived at the conclusion that the usual mineral lease merely obtains an obligatory or personal right, not a real right, *Page 504 
and was in the same category as an ordinary lease on realty.
Under the provisions of Act 205 of 1938 a mineral lease has been excepted from the general rule governing leases by the Legislature's defining and classifying it as a real right. No such classification has been extended to other leases on realty.
Paragraph nine of Article 165 of the Code of Practice reads as follows: 9. "Trespass. In all cases where any person, firm or corporation shall commit trespass, or do anything for which an action for damage lies or where any corporation shall fail to do anything for which an action for damage lies, such person, firm or corporation may be sued in the parish where such damage is done or trespass committed or at the domicile of such person, firm or corporation."
From a mere reading of this provision of the Code of Practice, it is apparent that it is not applicable to a suit to recover money due under a contract of lease. The cases of Tripani v. Meraux, 184 La. 66, 165 So. 453, and O'Brien v. Delta Air Corporation, 188 La. 911, 178 So. 489, are not pertinent to a suit of this nature for the reason that they involve entirely different causes of action as well as different facts.
Plaintiff relies on expressions made in the opinion handed down in the case of Browne v. Gajan, supra.
In the case of Browne v. Gajan, supra, the question involved was a mineral right *Page 505 
and not a lease, and any statement made therein not directly connected with the matter at issue is mere obiter and was not necessary to the decision. The statement therein to the effect that an action to reform a lease or any other contract having to do with realty is an action for the determination of an interest in the realty itself is in direct conflict with our holding in the Glassell case.
The decisions in Browne v. Gajan, supra, and Gulf Refining Co. of Louisiana v. Glassell, supra, were handed down prior to the adoption of the act of the legislature defining a mineral lease as a real right. We are of the opinion that our holding in the Glassell case based on the interpretations of the articles of the Revised Civil Code dealing with leases on real property was a correct interpretation of those articles in so far as leases affecting realty were concerned at the time we handed down the decision. Since that time, the legislature placed a mineral lease in the category of a real right. However, no change has been made with respect to other types of leases on real property.
For the reasons assigned, the exception to the jurisdiction ratione personae of the Nineteenth Judicial District Court is maintained, and the suit is dismissed at plaintiff's cost.
O'NIELL, C. J., concurs in the results but not in the approval of the holding in Gulf Refining Co. v. Glassell, 186 La. 190171 So. 846. *Page 506