PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases (Committee) proposes amending standard jury instructions 11.10(c) — Lewd or Lascivious Molestation; 13.1 — Burglary; and 14.1 — Theft.[1] The Committee asks that the Court authorize the amended standard instructions for publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.
Following publication of its proposals in the January 15, 2012, edition of The Florida Bar News, the Committee filed its report with the Court on February 23, 2012. The Committee had not received any comments pertaining to the published proposals. As discussed below, we amend the standard jury instructions as proposed by the Committee except as noted otherwise, and authorize the amended jury instructions for publication and use.
The Committee’s proposal pertaining to instruction 11.10(c) — Lewd or Lascivious Molestation, is straightforward and the instruction is amended as proposed. Accordingly, the phrase “in a lewd or lascivious manner” is added to both paragraphs of the instruction’s element number two.
Jury instruction 13.1 — Burglary, is amended in several respects, as follows.
First, the term “indictment” is added to reflect that the instruction applies if the offense of burglary is charged by indictment rather than information.
Second, the Court amends instruction 13.1to include language instructing upon the second-degree felony of burglary of a structure or conveyance when the offense intended to be committed therein was theft of a controlled substance. See § 810.02(3X0, Fla. Stat. (2012). This change is consistent with the Florida Legislature’s change to the burglary statute. See Ch.2011-141, § 21, Laws of Fla. (amending section 810.02(3)(f), Florida Statutes (2012)).
Third, we amend instruction 13.1 to specify the crime alleged throughout the instruction, other than burglary or trespass, that the defendant intended to commit.
Fourth, and related to the above amendment, the Court adds the phrase “other than burglary or trespass” to make clear to jurors that the crime intended cannot be burglary or trespass.
Fifth, the phrase “or should have known” is reinserted into the paragraph concerning entering an area of the premises open to the public. That phrase was inadvertently excluded upon the Committee’s proposed amendment to instruction 13.1in 2007, and that omission was perpetuated the following year when instruction 13.1was again amended. See In re Standard Jury Instructions in Criminal Cases—Report No. 2006-2, 962 So.2d 310, *722 322 (Fla.2007); In re Standard Jury Instructions in Criminal Cases—Report No. 2007-11, 986 So.2d 568, 564 (Fla.2008).
Sixth, the Court amends the definition of “authorized emergency vehicle” in instruction 13.1 to conform to the definition of that phrase in section 316.003, Florida Statutes (2012), the definition under the State Uniform Traffic Control provisions, and as used in the theft instruction.
Last, we decline to amend the burglary instruction to include language explaining that the enclosure around a structure or dwelling need not be “continuous” in order for there to be curtilage. Rather, we adhere to the statutory language as enacted by the Legislature and as previously interpreted by this Court. See § 810.011, Fla. Stat. (2012); State v. Hamilton, 660 So.2d 1038, 1040-1045 (Fla.1995) (construing “curtilage”).
Instruction 14.1 — Theft is amended in light of the Florida Legislature’s enactment of a law creating a third-degree felony for the theft of any amount of a controlled substance. See Ch.2011-141, § 22, Laws of Fla. (creating section 812.014(2)(c)13, Florida Statutes (2012)). As proposed, the Court adds the phrase “controlled substance” as one of the types of stolen property listed, and provides for identifying the controlled substance by name and as a “controlled substance” within the instruction. These changes are consistent with the legislative changes to section 812.014(2)(c)13.
Accordingly, we hereby authorize for publication and use the instructions as they appear in the attached appendix.[2] In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
11.10(c) LEWD OR LASCIVIOUS MOLESTATION
§ 800.04(5), Fla. Stat.
To prove the crime of Lewd or Lascivious Molestation, the State must prove the following three elements beyond a reasonable doubt:

Give la or lb as applicable.

1. (Victim)
a. was 12 years of age or older but less than 16 years of age.
b. was less than 12 years of age.

Give 2a or 2b as applicable.

*723 2. (Defendant),
a. in a lewd or lascivious manner, intentionally in a lewd or lascivious — manner touched the [breasts] [genitals] [genital area] [buttocks] [clothing covering the breasts] [clothing covering the genitals] [clothing covering the genital area] [clothing covering the buttocks] of (victim).
b. in a lewd or lascivious manner, intentionally [forced] [enticed] (victim) to touch the [breasts] [genitals] [genital area] [buttocks] [clothing covering the breasts] [clothing covering the genitals] [clothing covering the genital area] [clothing covering the buttocks] of (defendant).

Give 3a or 3b as applicable.

3. (Defendant)
a. was 18 years of age or older at the time of the offense.
b. was less than 18 years of age at the time of the offense.

Definition.

The words “lewd” and “lascivious” mean the same thing: and mean a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.
Neither (victim’s) lack of chastity nor consent is a defense to the crime charged.
The defendant’s ignorance of victim’s age, victim’s misrepresentation of [his][her] age, or the defendant’s bona fide belief of (victim’s) age is not a defense to the crime charged.
Lesser Included Offenses
_LEWD OR LASCIVIOUS MOLESTATION — 800.04(5)_ CATEGORY ONE CATEGORY TWO_FLA. STAT. INS. NO, None _Attempt_777.04(1)_51._ _Assault_784.011_81_ Battery_784.03&3 Unnatural and lascivious act 800.02 11.8
Comment
This instruction was adopted in 2008 [998 So.2d 1138] and amended in 2013.
13.1 BURGLARY
§ 810.02, Fla. Stat.

Give if the information or indictment charges entering with the intent to commit an offense:

To prove the crime of Burglary, the State must prove the following [two] [three] elements beyond a reasonable doubt:
1. (Defendant) entered a [structure] [conveyance] owned by or in the possession of (person alleged).
2. At the time of entering the [structure] [conveyance], (defendant) had *724 the intent to commit [ (the crime alleged) ] [an offense other than burglary or trespass] [-(the crime alleged)-} in that [structure] [conveyance].

The offense intended cannot be trespass or burglary.

Give element 3 only if defendant meets his or her burden of production that he or she had an invitation or license to enter, or that the premises were open to the public. See State v. Hicks, )21 So.2d 510 (Fla.1982), and State v. Waters, ⅛36 So.2d 66 (Fla.1983).

3. [ (Defendant) was not [licensed] [invited] to enter the [structure] [conveyance].] [The premises were not open to the public at the time of the entering.]

Give if applicable.

If the [license] [invitation] to enter was obtained by (defendant’s) trick or fraud or deceit, then the [license] [invitation] to enter was not valid.

Give if applicable.

If (defendant) entered premises that were open to the public, but then entered an area of the premises that [he][she] knew or should have known was not open to the public, (defendant) committed a burglary if [he][she] entered that non-public area with the intent to commit [ (the crime alleged) ] [an offense other than burglary or trespass] [(the crime alleged)-} in that non-public area.

Give if applicable. § 810.07 Fla. Stat.

You may infer that (defendant) had the intent to commit a crime inside a [structure] [conveyance] if the [entering] [attempted entering] of the [structure] [conveyance] was done stealthily and without the consent of the owner or occupant.

Give if applicable.

The entry necessary need not be the whole body of the defendant. It is sufficient if the defendant, with the intent to commit a crime, extends any part of [his][her] body into the [structure] [conveyance].

Give if the information or indictment charges remaining with the intent to commit an offense:

To prove the crime of Burglary, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) had permission or consent to enter a [structure] [conveyance] owned by or in the possession
of (person alleged).
2. (Defendant), after entering the [structure] [conveyance], remained therein

Give 2a, 2b, or 2c as applicable.

a. surreptitiously and with the intent to commit [(the crime alleged) ] [an offense other than burglary or trespass] [-(the — cr-ime—alleged) ] inside the [structure][conveyance].
b. after permission to remain had been withdrawn and with the intent to commit [ (the crime alleged) ] [an offense other than burglary or trespass] [ (the crime alleged)-] inside the [structure] [conveyance].
c. with the intent to commit or attempt to commit a [forcible felony] [ (the forcible felony alleged) ] inside the [structure] [conveyance].

*725
The offense intended, cannot be trespass or burglary. Forcible felonies are listed in § 776.08 Fla. Stat.

Proof of intent.

The intent with which an act is done is an operation of the mind and, therefore, is not always capable of direct and positive proof. It may be established by circumstantial evidence like any other fact in a case.
Even though an unlawful [entering] [remaining in] a [structure] [conveyance] is proved, if the evidence does not establish that it was done with the intent to commit [ (the crime alleged) ] [an offense other than burglary or trespass] [ (the crime alleged) ], the defendant must be found not guilty of burglary.

Proof of possession of stolen property.

Proof of possession by an accused of property recently stolen by means of a burglary, unless satisfactorily explained, may justify a conviction of burglary if the circumstances of the burglary and of the possession of the stolen property convince you beyond a reasonable doubt that the defendant committed the burglary.

Definitions; give as applicable.

§ 810.011(1), Fla. Stat.

“Structure” means any building of any kind, either temporary or permanent, that has a roof over it, and the enclosed space of ground and outbuildings immediately surrounding that structure.

§ 810.011(3), Fla. Stat.

“Conveyance” means any motor vehicle, ship, vessel, railroad car, trailer, aircraft or sleeping car; and to enter a conveyance includes taking apart any portion of the conveyance.

Burglary enhancements:

With an assault.

If you find (defendant) guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, (defendant) assaulted any person. An assault is an intentional and unlawful threat, either by word or act, to do violence to another, at a time when the defendant appeared to have the ability to carry out the threat and [his][her] act created a well-founded fear in the other person that the violence was about to take place.

With a battery.

If you find (defendant) guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, (defendant) battered any person. A battery is an actual and intentional touching or striking of another person against that person’s will or the intentional causing of bodily harm to another person.

While armed.

If you find (defendant) guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, (defendant) was armed or armed [himself] [herself] within the [structure] [conveyance] with [explosives] [a dangerous weapon].

Definitions. Give as applicable. § 790.001(5), Fla. Stat. See exceptions in § 790.001(5)(a)-(d), Fla. Stat.

“Explosive” means any chemical compound or mixture that has the property of yielding readily to combustion or oxidation upon application of heat, flame, or shock, including but not limited to dynamite, nitroglycerin, trinitrotoluene, *726 or ammonium nitrate when combined with other ingredients to form an explosive mixture, blasting caps, and detonators.
A “dangerous weapon” is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm. It is not necessary for the State to prove that the defendant intended to use or was willing to use the weapon in furtherance of the burglary in order for a weapon to constitute a “dangerous weapon.”
To “arm” oneself during the course of a burglary includes possessing a firearm, whether loaded with ammunition or not, at any time during the course of committing the burglary.

Structure or conveyance is a dwelling.

If you find (defendant) guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether the [structure] [conveyance] [entered] [remained in] was a dwelling.

Definition. Give as applicable.

“Dwelling” means a building [or conveyance] of any kind, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it. For purposes of burglary, a “dwelling” includes an attached porch or attached garage.

Human being in structure or conveyance.

If you find (defendant) guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, there was another human being in the [structure] [conveyance], at the time [he][she] [entered] [remained in] the [structure] [conveyance].

Offense intended is theft of a controlled substance.

If you find (defendant) guilty of burglary, you must also determine whether the State has proved beyond a reasonable doubt that the offense intended to be committed therein was theft of a controlled substance. Pursuant to Florida law, (name of controlled substance) is a controlled substance. A theft occurs when a person knowingly and unlawfully obtains or uses or endeavors to obtain or use the property of the victim and does so with the intent to, either temporarily or permanently, deprive the victim of his or her right to the property or any benefit from it or to appropriate the property of the victim to his or her own use or to the use of any person not entitled to it.

Dwelling or structure with use of motor vehicle or damage.

If you find (defendant) guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether, in the course of committing the burglary, (defendant) entered a [dwelling] [structure] and
1. used a motor vehicle as an instrumentality, other than merely as a getaway vehicle, to assist in committing the offense, and thereby damaged the [dwelling] [structure].
or
2. caused damage to the [dwelling] [structure] [property within the [dwelling] [structure]], in excess of $1,000.

Authorized emergency vehicle.

*727 If you find (defendant) guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether the conveyance [entered] [remained in] was an authorized emergency vehicle.

Definition. See § 316.003, Fla. Stat.

An “authorized emergency vehicle” is fa vehicle of the fire department (fire patrol), or — police vehicles,} {and such ambulances and ©^-emergency vehicles of {municipal departments,} {public service corporations operated by private corporations,} {the Department of Environmental Protection, the Department of Health, or the Department of Transportation,} {and the Department of Corrections]] that is as are designated or authorized by their respective department; or the chief of police of an incorporated city, or any sheriff of a county.

State of emergency.

The definitions of structure, dwelling, and conveyance are different for counties where a state of emergency has been declared under chapter 252. See § 810.011(1), (2), and (3), Fla. Stat.

If you find (defendant) guilty of burglary, you must also determine if the State has proved beyond a reasonable doubt whether
1. the burglaiy was committed within a county that was subject to a state of emergency that had been declared by the governor under chapter 252, the “State Emergency Management Act,”
and
2. the perpetration of the burglary was facilitated by conditions arising from the emergency.

Definition.

The term “conditions arising from the emergency” means civil unrest, power outages, curfews, voluntary or mandatory evacuations, or a reduction in the presence of or response time for first responders or homeland security personnel.

§ 810.011(h), Fla. Stat.

An act is committed “in the course of committing” if it occurs in the attempt to commit the offense or in flight after the attempt or commission.
Lesser Included Offenses
*728 [[Image here]]
Comment
When the compounded offense of burglary with an assault or burglary with a battery is charged and the jury convicts on the lesser included offense of trespass, the jury can also consider a second conviction on the lesser included offenses of assault or battery depending on the crime *729 charged. See Gian-Grasso v. State, 899 So.2d 392 (Fla. 4th DCA2005).
This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1997 [697 So.2d 84], 2003 [850 So.2d 1272], 2007 [962 So.2d 310],and 2008 [986 So.2d 563], and 2013. It should be given for offenses committed after July 1, 2001. — See § 810.02, Fla.Stat.(2002). — For guidance on instructions--for burglary offenses committed between- February 2000 and before July 1, 2001, see State v. Ruizr-863 So.2d 1205 (Fla.2003), and Bumes v. State, 861 So.2d 78 (Fla.2003).-
14.1 THEFT
§ 812.014, Fla. Stat.
To prove the crime of Theft, the State must prove the following two elements beyond a reasonable doubt:
1. (Defendant) knowingly and unlawfully [obtained or used] [endeavored to obtain or to use] the (property alleged) of (victim).
2. [He][She] did so with intent to, either temporarily or permanently,
a. [deprive (victim) of [his][her] right to the property or any benefit from it.]
b. [appropriate the property of (victim) to [his][her] own use or to the use of any person not entitled to it.]

Degrees. Give as applicable.

If you find the defendant guilty of theft, you must also determine if the State has proved beyond a reasonable doubt whether:
a. [the value of the property taken was $100,000 or more.]
b. [the value of the property taken was $20,000 or more but less than $100,000.]
c. [the value of the property taken was $10,000 or more but less than $20,000.]
d. [the value of the property taken was $5,000 or more but less than $10,000.]
e. [the value of the property taken was $300 or more but less than $5,000.]
f. [the value of the property taken was $100 or more but less than $300.]
g. [the value of the property taken was less than $100.]
h. [the property taken was a semitrailer that was deployed by a law enforcement officer.]
i. [the property taken was cargo valued at $50,000 or more that has entered the stream of commerce from the shipper’s loading platform to the consignee’s receiving dock.]
j. [the property taken was cargo valued at less than $50,000 that has entered the stream of commerce from the shipper’s loading platform to the consignee’s receiving dock.]
k. [the property taken was emergency medical equipment valued at $300 or more that was taken from [a licensed facility] [an emergency medical aircraft or vehicle].]
l. [the property taken was law enforcement equipment valued at $300 or more that was taken from an authorized emergency vehicle.]
m. [ (defendant), individually or in concert with one or more persons, coordinated the activities of another in committing the theft and the value of the property taken was more than $3,000.]
*730 n. [the stolen property was [a will, codicil, or other testamentary instrument][a firearm] [a motor vehicle] [a commercially farmed animal] [an aquaculture species raised at a certified aquaculture facility] [a fire extinguisher] [2,000 or more pieces of citrus fruit] [taken from a legally posted construction site] [a stop sign] [anhydrous ammonia] [a controlled substance. Under Florida law, (name of controlled, substance) is a controlled substance.]]
o. [the value of the property taken was $100 or more but less than $300, and was taken from [a dwelling] [the unenclosed curtilage of a dwelling].]

Give if applicable but only in cases of grand theft. § 812.01I(2)(a)3, Fla. Stat.

If you find the defendant guilty of theft, you must also determine if the State has proved beyond a reasonable doubt whether:
p. [in the course of committing the theft, (defendant) used a motor vehicle as an instrumentality, other than merely as a getaway vehicle, to assist in committing the theft and thereby damaged the real property of another.]
q. [in the course of committing the theft, (defendant) caused more than $1,000 in damage to the [real] [personal] property of another.]

State of emergency. Applies only to elements b, c, d, j, k and l above.

If you find (defendant) guilty of theft, you must also determine if the State has proved beyond a reasonable doubt whether:
r.[the theft was committed within a county that was subject to a state of emergency that had been declared by the governor under Chapter 252, the “State Emergency Management Act”
and
the perpetration of the theft was facilitated by conditions arising from the emergency.]

Inferences. Give if applicable. § 812.022(1), Fla. Stat.

Proof that a person presented false identification, or identification not current in respect to name, address, place of employment, or other material aspect in connection with the leasing of personal property, or failed to return leased property within 72 hours of the termination of the leasing agreement, unless satisfactorily explained, gives rise to an inference that the property was obtained or is now used with unlawful intent to commit theft.

§ 812.022(2), Fla. Stat.

Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.

§ 812.022(3), Fla. Stat.

Proof of the purchase or sale of stolen property at a price substantially below the fair market value, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that the property had been stolen.

§ 812.022(1), Fla. Stat.

Proof of the purchase or sale of stolen property by a dealer in property, out of the regular course of business or without the usual indicia of ownership other *731 than mere possession, unless satisfactorily explained, gives rise to an inference that the person buying or selling the property knew or should have known that it had been stolen.

§ 812.022(5), Fla. Stat.

Proof that a dealer who regularly deals in used property possesses stolen property upon which a name and phone number of a person other than the offer- or of the property are conspicuously displayed gives rise to an inference that the dealer possessing the property knew or should have known that the property was stolen.

§ 812.022(6), Fla. Stat.

Proof that a person was in possession of a stolen motor vehicle and that the ignition mechanism of the motor vehicle had been bypassed or the steering wheel locking mechanism had been broken or bypassed, unless satisfactorily explained, gives rise to an inference that the person in possession of the stolen motor vehicle knew or should have known that the motor vehicle had been stolen.

Definitions. Give if applicable.

§ 316.003, Fla. Stat.

“Authorized emergency vehicles” are vehicles of the fire department (fire patrol), police vehicles, and such ambulances and emergency vehicles of municipal departments, public service corporations operated by private corporations, the Department of Environmental Protection, the Department of Health, the Department of Transportation, and the Department of Corrections as are designated or authorized by their respective department or the chief of police of an incorporated city or any sheriff of any of the various counties.

§ 812.012(1), Fla. Stat.

“Cargo” means partial or entire shipments, containers, or cartons of property which are contained in or on a trailer, motortruck, aircraft, vessel, warehouse, freight station, freight consolidation facility, or air navigation facility.

§ 812.014(2), Fla. Stat.

“Conditions arising from the emergency” means civil unrest, power outages, curfews, voluntary or mandatory evacuations, or a reduction in the presence of or response time for first responders or homeland security personnel.

§ 810.011(2), Fla. Stat.

“Dwelling” means a building [or conveyance] of any kind, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it. For purposes of theft, a “dwelling” includes an attached porch or attached garage.

§ 812.014(2)(b)3, Fla. Stat.

“Emergency medical aircraft or vehicle” means any aircraft, ambulance or other vehicle used as an emergency medical service vehicle that has been issued a permit in accordance with Florida law.

§ 812.014(2)(b)3, Fla. Stat.

“Emergency medical equipment” means mechanical or electronic apparatus used to provide emergency service and care or to treat medical emergencies.

§ 395.002(10), Fla. Stat.

*732 “Emergency service and care” means medical screening, examination, and evaluation by a physician, or other medically appropriate personnel under the supervision of a physician, to determine if an emergency medical condition exists, and if it does, the care, treatment, or surgery by a physician necessary to relieve or eliminate the emergency medical condition, within the service capability of the facility.

§ 812.014(2) (b)4, Fla. Stat., and § 94-3.10, Fla. Stat.

“Law enforcement equipment” means any property, device, or apparatus used by a law enforcement officer in the officer’s official business. A law enforcement officer is any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.

§ 810.09(2)(d), Fla. Stat.

If the construction site is greater than one acre in area, see § 810.09(2) (d)l, Fla. Stat., and § 810.011(5)(a), Fla. Stat.

A “legally posted construction site” means a construction site of one acre or less in area with a sign prominently placed on the property where the construction permits are located, in letters no less than two inches in height, that reads in substantially the following manner: “THIS AREA IS A DESIGNATED CONSTRUCTION SITE, AND ANYONE WHO TRESPASSES ON THIS PROPERTY COMMITS A FELONY.”

§ 395.002(17), Fla. Stat.

“Licensed facility” means a hospital, ambulatory surgical center, or mobile surgical facility licensed by the Florida Agency for Health Care Administration.

See chapter 395, Fla. Stat.

§ 810.09(l)(b), Fla. Stat.

“Unenclosed curtilage” means the unenclosed land or grounds, and any outbuildings, that are directly and intimately adjacent to and connected with the dwelling and necessary, convenient, and habitually used in connection with that dwelling.

§ 812.012(3), Fla. Stat.

“Obtains or uses” means any manner of
a. Taking or exercising control over property.
b. Making any unauthorized use, disposition, or transfer of property.
c. Obtaining property by fraud, willful misrepresentation of a future act, or false promise.
d. Conduct previously known as stealing; larceny; purloining; abstracting; embezzlement; misapplication; misappropriation; conversion; or obtaining money or *733 property by false pretenses, fraud, deception; or other conduct similar in nature.
“Endeavor” means to attempt or try.

§ 812.012^), Fla. Stat.

“Property” means anything of value, and includes:
[real property, including things growing on, affixed to and found in land.]
[tangible or intangible personal property, including rights, privileges, interests, claims [services.]

§ 812.012(6), Fla. Stat.

“Services” means anything of value resulting from a person’s physical or mental labor or skill, or from the use, possession, or presence of property, and includes:
[repairs or improvements to property.]
[professional services.]
[private, public or government communication, transportation, power, water, or sanitation services.]
[lodging accommodations.]
[admissions to places of exhibition or entertainment.]

§ 812.012(10), Fla. Stat.

“Value” means the market value of the property at the time and place of the offense, or if that value cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense.
If the exact value of the property cannot be ascertained, you should attempt to determine a minimum value. If you cannot determine the minimum value, you must find the value is less than $100.

Theft of an Instrument. Give if applicable.

In the case of a written instrument that does not have a readily ascertainable market value, such as a check, draft, or promissory note, the value is the amount due or collectible.
In the case of any other instrument that creates, releases, discharges or otherwise affects any valuable legal right, privilege, or obligation, the value is the greatest amount of economic loss that the owner of the instrument might reasonably suffer by virtue of the loss of the instrument.

Theft of a Trade Secret. Give if applicable.

The value of a trade secret that does not have a readily ascertainable market value is any reasonable value representing the damage to the owner suffered by reason of losing an advantage over those who do not know of or use the trade secret.

Theft Pursuant to One Scheme. Give if applicable.

Amounts of value of separate properties involved in thefts committed pursuant to one scheme or course of conduct, whether the thefts are from the same person or several persons, may be added together to determine the total value of the theft.
Lesser Included Offense
*734 [[Image here]]
*735 [[Image here]]
Comment
This instruction was adopted in 1981 and amended in 1985 [477 So.2d-985],-1987 [508 So.2d 1221],-1-989- [543 So.2d 1205], 1992 ¿603 — goJd-1-1-75], 2003 [850 So.2d 1272], 2005 [911 So.2d 766 and 91-5-So.2d 609] and 200⅜
It is error to inform the jury of a prior theft conviction. Therefore, if the information or indictment contains an allegation of one or more prior theft convictions, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of a theft, the historical fact of a previous theft conviction shall be determined beyond a reasonable doubt in a bifurcated proceeding. State v. Harbaugh, 754 So.2d 691 (Fla.2000).
This instruction was adopted in 1981 and amended in 1985 [477 So.2d 985], 1987 [508 So.2d 12211, 1989 [543 So.2d 12051, 1992 [603 So.2d 11751, 2003 F850 So.2d 12721, 2005 [911 So.2d 766 and 915 So.2d 6091,

. On November 27, 2012, the Court granted the Committee's motion to withdraw its proposal to amend jury instruction 7.11 — Penalty Proceedings, Capital Cases.

. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www. floridasupremecourt.org/jury_instructions/ instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.