182 La. 262

## LAFITTE v. POLICE JURY OF DE SOTO PARISH.

### No. 33316.

Supreme Court of Louisiana.

July 12, 1935.

Robert J. O'Neal and J. B. Crow, both of Shreveport, for appellant.

A. B. Cavanaugh, of Leesville, for appellee.

O'NIELL, Chief Justice.

The plaintiff has appealed from a judgment dismissing his suit on an exception of no cause of action. He is a property taxpayer in the parish of De Soto, and, as such, brought this suit to annul the result of a local option election, under authority of which the police jury has prohibited the sale of intoxicating liquors in the parish.

Plaintiff contends that Act No. 15 of 1934 is unconstitutional in so far as it purports to authorize police juries to prohibit the sale of intoxicating liquors, because the title of the act indicates that its object is merely to regulate the sale of intoxicating liquors. It was decided in State v. Morton (La. Sup.) 162 So. 718, that the title of this act is not defective in that respect. The act does not prohibit the sale of intoxicating liquors, but merely authorizes the police juries to prohibit it under certain conditions. That is one way of regulating the sale of intoxicating liquors. It is well settled that under the title of an act to "regulate" the sale of intoxicating liquors a statute may authorize the local authorities to prohibit its being sold in certain localities or under certain conditions.

Plaintiff contends that, if Act No. 15 of 1934 is otherwise valid in so far as it authorizes police juries to prohibit the sale of intoxicating liquors, it is unconstitutional in that it has more than one object. The act really has only one general object; that is, to regulate the sale of intoxicating liquors; and, as we have said, one of the means of regulating the sale of intoxicating liquors is the authorizing of the local authorities to prohibit its being sold in certain localities or

under certain conditions. That proposition also was disposed of in State v. Morton, supra.

A more serious contention of the plaintiff is that the title of Act No. 15 of 1934 is misleading, in that the title has reference to a proviso referring to "House Bill No. 25," which never became a law. After referring to the licensing of the liquor business, the title of the act has this proviso: "Providing that such liquor business shall not be licensed nor shall this Act be construed as permitting such business to be conducted in parishes, wards and municipalities where, by vote of a majority of those duly qualified electors voting at an election to be held as provided, in House Bill No. 25 of the regular session of 1934 (Act No. ———— of 1934), it has been determined that such business shall not be therein permitted." House Bill No. 25 was an act to authorize the governing authorities of the parishes and municipalities to regulate the sale of intoxicating liquors, and to provide for calling local option elections, to prohibit the sale of intoxicating liquors in any parish, ward, or municipality. House Bill No. 25 is not referred to by name or number in the body of Act No. 15 of 1934; but the provisions of House Bill No. 25, for the calling of local option elections, were copied literally as section 25 of Act No. 15 of 1934. House Bill No. 25, according to the Official Journal of the House of Representatives, was, on the last day of the regular session of 1934, "enrolled, signed by the Speaker of the House, and Lieutenant Governor, and President of the Senate, and taken to the Governor for executive approval." But the Governor vetoed the act, stating his reason thus: "I hereby veto this Act because it is included in H. B. 666, which I am signing, this July 12, 1934." House Bill 666 became Act No. 15 of 1934, the Twenty-Fifth section of which contains all that was in House Bill No. 25. The correspondence of the number of the section of Act No. 15 of 1934 with the number of the House Bill, of which it is a copy, is perhaps a mere coincidence; but it may be the reason why the reference to House Bill No. 25, in the title of Act No. 15 of 1934, was not changed so as to refer to section 25 of the act, or to the provisions of that section. The matter was corrected by Act No. 17 of the First Extra Session of 1935, which was subsequent to the election complained of in this suit. The title of Act No. 15 of 1934, however, was not misleading in its reference to House Bill No. 25, but was in fact an indirect but true indication of what was declared in the act itself.

The plaintiff contends, alternatively, that the result of the election is null because the parish in which the election was held contained five separate areas, each being within the radius of five miles from a high school, in which areas the sale of intoxicating liquors was already prohibited by statute. It is argued that the electors residing within these areas, and constituting approximately 75 per cent. of the total population of the parish, should not have been allowed to vote in the election, or to sign the petition calling the election. We are not referred to any law, and not aware of any law, that forbids electors residing in prohibition territory to vote in a local option election held throughout a larger area embracing the prohibition territory. There is nothing unfair in allowing the electors residing in such prohibition territory to vote in such a local option election.

Plaintiff contends that the result of the election is null because two propositions were submitted at the same election; namely, a proposition to prohibit the sale of intoxicating liquors, under the provisions of Act No. 15 of 1934, and a proposition to prohibit the sale of beer, porter, ale, wine, etc., under the provisions of Act No. 2 of the Extra Session of 1933. The act of 1933 provides for the levying of a license tax on the sale of beer, wine, etc. The act of 1934 defines alcoholic beverages as those containing more than 6 per cent. of alcohol by volume, and puts beer, porter, ale, wine, etc., in the class of "alcoholic or intoxicating liquor." It is contended by the plaintiff that the submission of the two propositions at one election was apt to confuse the voters; but no substantial reason is suggested for any such confusion. It is alleged by the plaintiff that both propositions were approved by large majorities; the vote on the first proposition being 1,024 to 507, and the vote on the second proposition being 963 to 548. We have no reason to assume that the voters were confused by the submission of the two propositions at the same election.

The plaintiff contends, finally, that the municipal ordinance adopted in consequence of the election is null because, as

he contends, the penalty prescribed for a violation of the ordinance exceeds the penalty authorized by statute. That is a matter which does not concern the plaintiff. He is not accused of a violation of the ordinance.

The judgment is affirmed.