**167 So. 427**

## TICHENOR v. TICHENOR.

No. 33620.

March 30, 1936.

See, also, (La.App.) 161 So. 198.

Sydney J. Parlongue, of New Orleans, for appellant.

H. M. Ansley, of New Orleans, for appellee.

LAND, Justice.

The Dr. G. H. Tichenor Company, Ltd., is a Louisiana corporation, domiciled and doing business in the city of New Orleans, with Rolla A. Tichenor, Sr., president, and Dr. Elmore D. Tichenor, secretary-treasurer.

Petitioner is a stockholder of record in the corporation, and has brought the present suit against Rolla A. Tichenor, Sr., to recover the sum of $4,500, accrued penalties, at the rate of $50 per day, and for penalties at the rate of $50 per day, which may accrue from and after judicial demand, for the alleged neglect or refusal of Rolla A. Tichenor, Sr., as president of the corporation, to furnish petitioner, within fifteen days after written request made by him, a verified annual report of the corporation for the year 1933, as required by section 39 of Act No. 250 of 1928.

The case has not yet been tried upon its merits in the lower court, but petitioner's suit was dismissed on defendant's exception of no right or cause of action, and from that judgment petitioner has appealed.

The exception of no right or cause of action is predicated upon the contention: "That if section 39 of Act 250 of 1928 is interpreted to mean that the stockholder whose request for a report from the corporation is not complied with has a personal action against the officers of such corporation, then said section is unconstitutional for the reason that such object and purpose is not expressed in the title of said act and (is) violative of article 3, § 16 of the Constitution of Louisiana of 1921, which provides 'that every law enacted by the legislature shall embrace but one object and shall have a title indicative of such object.' ".

In other words, it is contended by defendant that the body of the act is broader than its title, in so far as section 39 of Act No. 250 of 1928 is concerned.

We are not impressed with the soundness of such contentions for the following reasons:

Act No. 250 of 1928 is entitled "An Act to provide for the incorporation, *regulation,* merger, consolidation and dissolution of certain corporations for profit; *to provide penalties* for the violation of certain sections hereof; and to repeal certain laws and all other laws inconsistent herewith." (Italics ours.)

In pursuance of the right or power of *"regulation,"* indicated in its title, and also in pursuance of the right or power to *"provide penalties* for the violation of certain sections," also indicated in its title, it is provided:

"Section 39. Annual Report; Penalty for Violations of Section.

"I. Annually on or before the first day of February in each year it shall be the duty of *the President,* Treasurer, or other proper officer, or of any two directors of every corporation, to make and sign a report to the Secretary of State, stating specifically, the following facts:

"(1) the post-office address of its registered office;

"(2) the names and post-office addresses of its resident agents;

"(3) the post-office address or addresses of its place or places of business within or without this State;

"(4) the names and post-office addresses of all of its directors and officers and when the term of each expires;

"(5) its capital stock;

"(6) the number of shares of each class of its authorized capital stock, and the par value, if any, of each class;

"(7) the number of shares of each class actually allotted;

"(8) the number of shares of each class actually issued;

"(9) the date appointed for the next annual meeting of its shareholders for the election of directors.

"II. If any report be not made and filed as prescribed in this Section, a corpora-

tion, which shall neglect or refuse to make and file such a report within fifteen days after written request so to do shall have been made by the Secretary of State, shall be *under a penalty of ten dollars,* recoverable by the Attorney General or the District Attorney of the parish wherein the corporation has its registered office, for the use and benefit of the State, for every day the corporation shall so neglect or refuse to make and file the statement hereinabove described. Every corporation organized under the laws of this State, and every foreign corporation doing business in this State, shall once in every calendar year, *upon the request of any shareholder of record,* send to such shareholder, by mail addressed to his last known address, *a report made and verified by the president* or vice-president and secretary or assistant secretary, *containing the information hereinabove required to be contained in the last annual report of the corporation preceding said request.* If *either* or all of such officers *shall neglect or refuse to make and mail or deliver to such shareholder,* within fifteen days after the written request by the shareholder to be furnished with the statement hereinabove referred to, *they shall be under a penalty of fifty dollars, recoverable by such shareholder, for every day such officer or officers shall so neglect or refuse to make and mail or deliver the statement hereinabove described."* (Italics ours.)

Act No. 250 of 1928 is the general Uniform Business Corporation Act of this state, applying to domestic corporations, with certain exceptions relating to foreign

corporations. It covers the whole subject-matter of corporations from incorporation to dissolution. It provides in its title for the incorporation, regulation, merger, consolidation, and dissolution of corporations. It provides penalties for violation of certain sections of the act, and repeals certain laws and all other laws inconsistent with its provisions. The general Uniform Corporation Act of this state contains 74 sections and covers 52 pages of printed matter in the acts of 1928. If every provision of the act as to incorporation, *regulation,* merger, consolidation, dissolution, and *penalty* for the violation of its provisions were contained in its title, the title would be as long as the act itself.

In the recent case of Southern Hide Co. v. Best et al., 176 La. 347, 145 So. 682, 683, speaking of article 31 of the Constitution of 1913, which provides that, "Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title," we said: "It is not the purpose of this article to require that the title be *an index* to the contents of the act, or that every end and means convenient or necessary for the accomplishment of the general object of the act be set out at length in the title, but it is deemed sufficient, under the article, that the act contain but one object and that the object be fairly stated, although it be expressed in general terms, in the title of the act. All things proper or necessary to carry out the general object, so stated in the title, are deemed to be within the scope of the title. Thornhill v. Wear, 131 La. 479, 59 So. 909; State

v. Hincy, 130 La. 620, 58 So. 411; Succession of Lanzetti, 9 La.Ann. 329;" Chauvin v. Louisiana Power & Light Co., 177 La. 193, 211, 148 So. 23. (Italics ours.)

Under the right or power of "regulation" of corporations, and under the right or power to "provide *penalties* for the violation of certain sections" of the act, indicated in its title, the Legislature, without doubt, was justified in enacting, in section 39 of Act No. 250 of 1928, regulations requiring corporations to make annual reports to the Secretary of State, and to make annual verified reports, upon the request of any shareholder of record, and providing penalties for neglect or refusal of any officer of the corporation designated in that section to comply with such regulations. The right to "regulate" corporations and "to provide penalties" for violation of same necessarily includes the right to enforce such penalties by a personal action against corporate officers violating same, otherwise such regulations would become mere dead letters.

These are matters germane to and connected with the general object of the act, are fairly stated in the title, and their inclusion in its provisions is not violative of the constitutional prohibition against a statute embracing in its title more than one object.

The exception of no cause or right of action is not well founded and should have been overruled.

It is therefore ordered that the judgment appealed from, maintaining the exception of no right or cause of action and

dismissing plaintiff's suit, be and is hereby reversed and annulled.

It is now ordered that this case be remanded to division D of the civil district court for the parish of Orleans and be reinstated upon the docket of that court, and be proceeded with in due course, and according to law.

It is further ordered that defendant, Rolla A. Tichenor, Sr., pay the costs of this appeal; all other costs to await the final decision of this case.

O'NIELL, C. J., absent.