### RAMEY v. CUDAHY PACKING CO. Limited.

### No. 6252.

Court of Appeal of Louisiana. Second Circuit.

Feb. 4, 1941.

334

Bush & Stephens, of Shreveport, for appellant.

Lee & Lee, of Shreveport, for appellee.

TALIAFERRO, Judge.

The constitutionality of Act 250 of 1928, in so far as it purports to repeal paragraph 5(d) of Section 1, Act 179 of 1918, is involved in this case.

Plaintiff sues for wages and penalties under the Federal Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., and Act 150 of 1920, as amended by Act 138 of 1936 of the Legislature of this state. He alleges that defendant is a Louisiana corporation with its domicile in the Parish of Orleans and that it maintains a branch office and place of business in the City of Shreveport, Caddo Parish, which had supervision and control over the employment and incidental transactions giving rise to the causes of actions alleged upon.

Defendant declined the court's jurisdiction ratione personae. The exception is predicated upon the contention that paragraph 5(d), Section 1 of Act 179 of 1918, relative to venue, was repealed by Act 250 (Section 74) of 1928; and, for this reason, defendant is not amenable to suit in the District Court of Caddo Parish.

Plaintiff counters with a special plea assailing the 1928 Act as being unconstitutional in so far as it purports to repeal said paragraph 5(d). This plea is based upon the premise that the body of the Act

is broader than its title in that "the title of the Act is not indicative of the fact that there appears in its body an attempted repeal of an act dealing with the question of venue as regards suits against domestic corporations."

The lower court firstly upheld the plea of unconstitutionality, but, on rehearing, reversed itself, overruled the plea and dismissed the suit. From this judgment plaintiff has appealed.

The organic law of this state ordains that "every law enacted by the Legislature shall embrace but one object, and shall have a title indicative of such object." Art. 3, Section 16.

The title to Act 250 of 1928 reads as follows: "To provide for the Incorporation, Regulation, Merger, Consolidation and Dissolution of Certain Corporations for Profit; to Provide Penalties for the Violation of Certain Sections Hereof; and to Repeal Certain Laws and All Other Laws Inconsistent Herewith."

The repealing clause of the 1928 Act, being Section 74, is as follows:

"The following laws or parts of laws are hereby expressly repealed:

"Act 158 of 1874; Act 267 of 1914, except insofar as concerns those parts of said law relating to foreign corporations that at the time this Act goes into effect may be in force as therein enacted or as amended by subsequent laws; Act 259 of 1916; Act 152 of 1918; Section 1, subdivision (5) of Act 179 of 1918; Act 82 of 1921; Act 142 of 1922; Act 96 of 1924; Act 148 of 1926; Act 257 of 1926; and all other laws or parts of laws inconsistent or in conflict with the provisions of this Act."

Subdivisions (a), (b) and (c) of subsection 5 of Section 1 of Act 179 of 1918 provide methods of service of legal process on corporations, whereas subdivision (d) relates to and fixes venue of suits against domestic corporations. That part of this subdivision pertinent to the present discussion, we here quote: " * * * but if the cause of action results from any other cause the venue of the action shall be in the parish where is or was located the particular office which has supervision of the transaction from which the cause of action arose or at the domicile of the corporation at the option of the plaintiff."

The issue tendered pivots upon the construction to be given the word "regu-

late," appearing in the title of the 1928 Act, with reference to its efficacy to indicate what this act does concerning the venue provision of the 1918 Act. In other words, as said by the trial judge, the question is "whether the venue of suits against domestic corporations would be a subject indicated by the title" of the 1928 Act. Defendant has the affirmative of the proposition while plaintiff champions the negative.

In considering questions of this character, the rule of liberal construction has definite application to the end that the constitutionality of the act assailed be upheld unless a contrary status is obvious. All doubts, if any exist, should be resolved in favor of the law's validity. Therefore, to warrant a court in declaring an act of the Legislature null on constitutional grounds, the cause of nullity must admit of no uncertainty. All laws passed by the Legislature are presumed to be constitutional.

With some variations in verbiage, articles corresponding to Sec. 16 of Art. 3 of the present Constitution are to be found in each Constitution of this state, beginning with that of 1845. Art. 31 of the Constitution of 1898 and 1913 reads: "Every law enacted by the General Assembly shall embrace but one object, and that shall be expressed in its title."

Commenting upon the effect of the change in wording of this provision, wrought by the 1921 Constitution, Justice Rogers, in Jackson v. Hart, 192 La. 1068, 1073, 190 So. 220, 221, said: "The effect of the changing of the wording of the constitutional provision was to relax the previous requirement that the statute must 'express' its object, so now all that is required is that the title of the statute should be 'indicative' of its object. The constitutional provision must be construed broadly rather than narrowly with a view of effectuating, not of frustrating, the legislative purpose. This is the rule prevailing everywhere for the construction of such a constitutional provision."

The case of State v. Martin, 192 La. 704, 189 So. 109, 110, is referred to and quoted from in this opinion. In that case Justice Fournet, as the court's organ, quotes with approval the rule of construction laid down in 59 C.J., page 908, viz.: "In determining the sufficiency of the title of a statute, under a constitutional provision requiring the subject of an act to be

expressed in its title, its language should be reasonably and liberally interpreted, in the light of the general legislative purpose and of prior legislation, and should not be technically or critically construed, nor should it be held insufficient unless the question is free from doubt. A title should not be read as a limitation upon the body of the act or as restricting its operation, but as a reference to, or skeleton of, the matter which is to be found therein."

It was also held in the Martin case that: "The rule is that whatever is germane or incidental to the purpose may be set out in the title, but if not so expressed is embraced that is to say, a cognate matter will be covered by the title. Since the means adopted to carry out a law is not an object of the law, such means need not be mentioned in the title."

The word "regulate", with respect to its use in statutes of this state, has been construed several times by the courts. State ex rel. Tate et al. v. Brooks-Scanlon Company et al., 143 La. 539, 78 So. 847; State v. Morton, 182 La. 887, 162 So. 718; Tichenor v. Tichenor, 184 La. 743, 167 So. 427; Lafitte v. Police Jury of De Soto Parish, 183 La. 262, 163 So. 33.

In each instance the word has been given a liberal, comprehensive meaning. As a means through which the object of an act of the Legislature is indicated, it has suffered very little, if any, restriction by the courts.

In the Morton case, supra, a motion to quash the indictment was urged. It was based upon the alleged unconstitutionality of Act 15 of 1934, entitled "An Act To regulate the traffic in malt, vinous, spirituous, alcoholic or intoxicating liquors", etc. The import of the word "regulate" employed in the title of the Act was discussed and passed upon. In overruling the motion and sustaining the constitutional integrity of the act, the court stated [182 La. 887, 162 So. 720]:

"The word 'regulate' is of broad import as many of the decisions of this court hold it to be.

* * *

"Where the title indicates the purpose of the act to be to regulate the sale of intoxicating liquors, it may include all the various means of enforcing compliance with the act, may include penalties for violation, confer jurisdiction of suits for such violation, and provide for remonstrances for the granting of licenses. Such an act may provide for local option and prohibit sale in localities which vote for prohibition, and such partial prohibition will be deemed regulation within the title of the act. Lewis' Sutherland, Stat. Const. vol. 1 (2d-Ed.) p. 291, par. 163."

Consulting Lewis' Sutherland Stat. Const., referred to, we find the rule tersely stated as follows: "An act to regulate any specified business, or the use of property, or regulating human conduct in any way, or to prohibit acts or things, or to protect persons or property or public or private rights, may include penal provisions, or provisions imposing a civil liability or giving a civil remedy, without such penalties, liability or remedies being referred to in the title."

In the Tichenor case, supra, the constitutionality of Sec. 39, Act 250 of 1928, was made an issue through exceptions of no cause and no right of action. In reversing the lower court and overruling the exceptions, the court inter alia said [184 La. 743, 167 So. 429]:

"Act No. 250 of 1928 is the general Uniform Business Corporation Act of this state, applying to domestic corporations, with certain exceptions relating to foreign corporations. *It covers the whole subject-matter of corporations from incorporation to dissolution.* It provides in its title for the incorporation, regulation, merger, consolidation, and dissolution of corporations. It provides penalties for violation of certain sections of the act, *and repeals certain laws and all other laws inconsistent with its provisions.* * * * If every provision of the act as to incorporation, regulation, merger, consolidation, dissolution, and penalty for the violation of its provisions were contained in its title, the title would be as long as the act itself."

The 1928 Act was designed to, and in fact, does, cover the whole subject matter of corporations of the character therein described, from incorporation to dissolution. Regulation, merger and consolidation fall within these extremes. A multitude of provisions is embodied in the Act not touched upon nor specifically referred to in the title. Of necessity, this must be so or else the title would cease to be a title, but, instead, an index to the act itself.

The use of the word "regulate" in the title is sufficient in itself to put all persons on notice that far-reaching provisions were

possible of incorporation in the act to follow. We would expect to see in a comprehensive act of this character some reference to venue of suits against the class of corporations therein mentioned. It is germane to the act's objective. Rather than incorporate an independent provision on the subject, the Legislature elected to repeal the provisions of the 1918 Act, and thereby force return to the general law of venue extant prior to the adoption of that Act.

The title of the act is indicative of its object, an element of which is the venue of suits against the class of corporations therein described.

It is also contended by plaintiff that to effectuate the repeal of said paragraph 5 (d), a provision dealing with venue, inconsistent with that paragraph, would have had to be incorporated in the 1928 Act. Supporting this position, it is argued that the words "inconsistent herewith" modify the words "certain laws" and "all other laws" appearing in the title. In other words, that the title has application only to laws or parts of laws inconsistent or in conflict with the act; and as paragraph 5 (d) is not inconsistent nor in conflict with any part of the act, it was not repealed. This contention is not tenable. The words "certain laws" in the title have reference to the Acts of the Legislature specifically named in the repealing clause and to subdivision 5 of the 1918 Act, and the phrase "All Other Laws Inconsistent Herewith", of course, has reference to unnamed laws or acts on the statute books inconsistent with the 1928 Act. Such a repealing clause is to be found in practically all legislative acts intended to have the effect of law.

If there were doubt as to the correctness of this construction, the repealing clause of the act unquestionably removes it. Pursuant to the referred to language of the title, certain named laws and a part of one law were specifically repealed. Some of these laws are not in conflict with the 1928 Act, as is true of subdivision 5 of Section 1 of the 1918 Act. The intent of the repealing clause is free of any doubt and, we think, the same can be said of the title.

What we have said on this subject finds support in the Tichenor case, supra, wherein it is said: "It [the 1928 Act] provides penalties for violation of certain sections of the act, *and repeals certain laws and all other laws inconsistent with its provisions."*

We quote with approval the following excerpt from the well reasoned opinion of the trial judge:

"Giving the word 'regulation' a broad and liberal construction it would seem obvious to us that provisions regulating venue of suits against domestic corporations could be included in the body of this law without any constitutional objection to the title. Likewise, the repeal of any law germane to the title would comply with the provisions of Section 16 of Article 3 of the Constitution of 1921. If the Legislature could confer jurisdiction upon the courts with reference to the domestic corporations without specific reference thereto in its title, by the same token it could repeal certain laws having to do with jurisdiction.

"It is our conclusion that the repealing clause is not effective just as to laws inconsistent with the provisions of Act 250 of 1928, but that the repealing clause is effective insofar as it repeals any law which is germane to the title of Act 250 of 1928. The law is thus stated in 25 R.C.L. Sec. 112, Page 867:

" 'An Act which is otherwise properly entitled is not open to the objection that it contains more than one subject and one not expressed in the title because it contains a repealing clause not mentioned in the title. The repeal of previous acts on the same general subject is necessary to render effective the general purposes of the act and is always germane to the subject.'

"We realize that this construction makes it necessary that domestic corporations be sued at the domicile in ordinary suits. However, this is a defect which we are powerless to correct.

" 'In the construction of a law, its meaning must first be sought in the language employed, and, if that be plain, it is the duty of the courts to enforce the law as written. United States v. Standard Brewery, 251 U.S. 210, 40 S.Ct. 139, 64 L.Ed. 229.'

"There is no ambiguity in the repeal of the law regulating venue of suits against domestic corporations."

For the reasons herein assigned, the judgment appealed from is affirmed, with costs.