CAVANAUGH, Judge.
Plaintiff sued the defendant for the sum of $756, which he claims is due him for the rental of fourteen saddle horses for three hours per day, three days per week for a period of six weeks, or 42 hours per day or 126 hours per week, or a total of 756 hours at $1 per hour. Alternatively, plaintiff sought judgment on quantum meruit for $1,134, if the court should hold there was no contract. The suit was filed in the District Court of St. Tammany Parish where the defendant owns, operates and maintains a school. It is a Louisiana corporation domiciled at Lafayette in the Parish of Lafayette, Louisiana, and its agents for service of process are Brother Angel Isidore and Brother Adelbert Marie, residents of Lafayette, Louisiana. Service of petition and citation were made on the defendant at its domicile in Lafayette Parish.
Defendant filed an exception to the jurisdiction of the court ratione personae. The plaintiff then filed an amended petition and alleged that the act or transaction from which the cause of action arose was wholly transacted or completed in the Parish of St. Tammany where the defendant corporation maintained an office. The Lower Court on its first ruling overruled the exception to the jurisdiction, but on defendant’s application for rehearing, the ruling was reversed, and the exception to the jurisdiction maintained, and plaintiff’s suit dismissed.
Plaintiff has appealed from the judgment and seeks a reversal here on the ground that the law establishing the venue of domestic corporations, under the Revised Statutes of 1950, Section 3234 of Title 13, LSA-R.S., provided that the venue of suits against a domestic corporation is at the option of a plaintiff in the parish where the cause of action arose and was wholly transacted and completed or at its- domicile. The plaintiff contends that the verbal contract for the rental of the horses was consummated between him and St. Paul’s College, through its then Director, Brother Cassian, during the spring of 1951. ,
The section of the Revised Statutes referred to above reads as follows:
“Where the corporation has established an office in a parish other than that where its agent for service of process resides, the venue of the suit, at the option of the plaintiff, shall be in either the parish where the cause of action arose, or in the parish of the residence of the corporation’s agent for service of process, if the cause of action result from a trespass or an offense or quasi offense. If the cause of action result from any other cause, the venue of the action shall be in the parish where the agent for service of process has his residence, unless the act or transaction from which the cause of action arose was wholly transacted or completed in some other parish where the corporation had and maintained an office.”
The above section, along with Section 3235 as amended by Act No. 22 of 1950, prior to 1950 or at the time the Revised Statutes were adopted applied only to foreign corporations. These two sections of the Revised Statutes were taken from Act No. 179 of the Acts of the Legislature for the year 1918.
The section of the Revised Statutes dealing with the venue of domestic corporations is LSA-R.S. 12, Section 37. This section reads as follows:
“Every corporation shall maintain an office in this state to be known as its registered office. The location and post-office address of the original registered office shall be stated in the articles as provided in R.S. 12:3A and a written notice thereof shall be filed with the clerk of the district court of the parish in which such registered office is located. The clerk shall make and keep a permanent record thereof for public inspection. After incorporation, a change in the location of the registered office may be authorized at any time by a vote of the board of directors, but within thirty days after the change is made, notice of the *402 change and of the post-office address of the new registered office shall be filed with the Secretary of State and with the clerk of the district court of the parish in which the new office is located, both of whom shall make and keep a permanent record thereof for public inspection. The designation of a registered office shall remain effective until a change is made therein and notice filed in the manner hereinabove authorized. If the registered office is changed from one parish to another, the notice above required shall be filed with the clerk of the district court of both the parish from which and to which the registered office is removed. If the registered office of the corporation is in a building not wholly occupied by the corporation, the exact location of the registered office in such building shall be included in every notice hereinabove mentioned. For all purposes, the registered office shall be considered the domicile of the corporation.”
This section specifically provides that the registered office shall be considered the domicile of the corporation for all purposes. The question presented to the court and on which a proper decision depends is whether or not when the Legislature adopted the Revised Statutes on May 1, 1950, and assembled the statutory law in these provisions under the chapter and title dealing with venue of corporations, it changed the law from what existed at the time of their enactment. It is not controverted that prior to the adoption of the Revised Statutes in 1950, a domestic corporation on a claim for money arising out of a contract had to be sued at its domicile and was not subject to be sued where the contract arose or where it did business. This was held by the Supreme Court in the case of Weber v. H. G. Hill Stores, Inc., 207 La. 500, 21 So.2d 510 and by the Court of Appeal, Second Circuit, in Ramey v. Cudahy Packing Co., La.App., 200 So. 333. The decision adhered to the general rule provided for in Article 162 of the Code of Practice. 'Of course, this suit is not predicated upon any cause of action provided for under the other articles of the Code of Practice covering venue under exceptions to the general rule.
Since the adoption of the Revised Statutes on May 1, 1950, there has been limited jurisprudence established by decisions of the court as to what effect these statutes had on the prior law where some change was apparent from a literal reading of the statutes from that which the statutes had been construed prior to the adoption of the Revised Statutes. The Supreme Court said, in the case of State v. Mathe, 219 La. 661, 53 So.2d 802, through Mr. Justice Le Blanc, that the statutes as revised shall be construed as continuations of and as substitutes for the laws or parts of laws which are revised and consolidated therein. The plaintiff urges upon us here that the prior Acts of the Legislature and decisions of the court in which it was held that the law which is now embodied in Sections 3234 and 3235 of Title 13, which prior to the adoption of the Revised Statutes was only applicable to foreign corporations, and especially Section 3234 should now be made applicable to domestic corporations on the question of venue in suits against a domestic corporation where it happens to have a place of business or conducts a business in a different parish from that of its domicile and registered agent. The defendant counters with the proposition that there has been no substantial change in the law and there should be no substantial change in the construction of the law as revised and that when the statutory law was revised and placed in the Revised Statutes, the previous construction of the statutes or laws prior to being incorporated into the Revised Statutes are controlling as to the construction to be placed on the statute now in question.
An examination of the statutory law at the time of the enactment of the Revised Statutes providing for the venue of suits against domestic corporations and the venue of suits against foreign corporations, authorized to do business in the State of Louisiana, is pertinent to the question pre•sented by this appeal. Section 3234 of L.S.A., Title 13 is a revision or restatement of subparagraph (d) of Paragraph 6 of Section 1 of Act No. 179 of 1918. This *403 provision of the statute prior to the adoption of the Revised Statutes read as follows:
“(6) Service of all legal process on any foreign corporation shall be made as follows:
* * . * “ * * * *
“(d) Where the corporation has established an office in a parish other than that where its agent for service of process resides, the venue of the suit shall, at the option of the plaintiff, be in either the parish where the cause of action arose, or in the parish of the residence of the corporation’s agent for service of process, if the cause of action result from a trespass or an offense, or quasi offense, but if the cause of action result from any other cause, the venue of the action shall be in the parish where the agent for service of process has his residence, unless the act or transaction from which the cause of action arose was wholly transacted or completed in some other parish where said corporation had and maintained an office.”
Section 3235 of Title 13 was a revision or restatement of subparagraph (f) of Paragraph 6 of Section 1 of Act No. 179 of 1918. This prdvision reads as follows:
“(f) In all of the foregoing cases the venue of the suit shall at the option of the plaintiff, be either at the domicile of the corporation, or where it has its main office, or in the parish where the cause of action arose, if it result from' a trespass or offense, or quasi offense; but if the cause of action result from any other cause, the venue of. the action shall be in the parish where is or was located the particular office which had supervision of the transaction from which the cause of- action arose, or at the domicile of the corporation if the plaintiff so elects.”
The provisions of Act No. 179 of 1918 providing for the venue of suits against domestic corporations were in subparagraph (d) of Paragraph 5 of Section 1. This subparagraph read as follows :
“Where the corporation is engaged in business in more than one parish, the venue' of the suit shall, at the option ' of the plaintiff, be in the parish where the cause of action arose, or at the..domicile of:the corporation if the cause of action results fr.om a trespass or an offense or quasi offense; but if the cause of action results from any other cause the venue of the action shall be in the -parish where is or was located the particular office which has supervision, of the transaction from which the cause of action arose or at the domicile of the corporation at the option of the -plaintiff.”
All of Section 5 of Act No. 179 of 1918 relating to the venue of suits against domestic corporations was expressly repealed by Paragraph I of Section 73 of Act No. 250 of 1928. After the enactment of Act No. 250 of 1928, the venue of suits against domestic corporations by that statute was provided for in Section 37, wherein it was provided:
“ * * * For all purposes, the registered óffice shall be considered the domicile of the corporation.”
Section 37 of Act No. 250 of 1928 was incorporated in the Revised Statutes of 1950 as Section 37 of LSA, Title 12.
The provisions relating, to the venue of suits against foreign corporations and as quoted above were placed under the provisions of the Revised Statutes dealing with jurisdiction and venue, Chapter 11, LSA 13, Sections 3234 and 3235. Now,.in adopting the .Revised Statutes of 1950, if the Legislature had intended -to have changed the venue of suits against domestic corporations and placed it back as it was under the provisions of subparagraph (d) of Paragraph 5 of Section 1 of Act 179 of 1918, it would seem to us that it would have used the verbiage and language used in this statute relating. to domestic corporations instead of using- that in which the venue of suits against foreign corporations is described. *404 The compilers of the Revised Statutes of 19S0, in compiling Chapter 11, made no attempt to provide the venue of all suits against domestic or foreign corporations but only listed under this chapter the venue of certain types of suits growing out of particular causes of action.
It is significant to point out here in answer to plaintiff’s argument that since these two sections of the Revised Statutes are placed in the chapter dealing with jurisdiction and venue of suits against corporations, one should apply to domestic corporations and the other to foreign corporations, we find that these two provisions were placed in the Acts of the Legislature under the subsection dealing with foreign corporations because there was no change in this law, and for that reason they were placed in the same position as they were when Act 179 of 1918 was repealed by the Act adopting the statutes.
We have heretofore said:
“ * * * the Louisiana State Law Institute, compiler of the Revised Statutes, had no authority to write any new law. Act iNo. 43 of 1942, LSA-R.S. 14:1 et seq., instructed the Institute to prepare a comprehensive revision of the statutes, simplify their language, and reduce them to one connected text. When the report of the Institute was adopted by the Legislature in 1950 it was expressly stated in Chapter 1, Section 16, that ‘The Louisiana Revised Statutes of 1950 shall be construed as continuations of and as substitutes for the laws or parts of laws which are revised and consolidated herein.’ Thus it is evident that there was no intent on the part of the Legislature to change the existing law fixing the time for asking for rehearings.” Newsom v. Caldwell & McCann, La.App., 51 So.2d 393, 394.
There was no intent on the part of the Legislature to change the existing law providing for the venue of suits against domestic corporations differently from what it was when the Revised Statutes were adopted.
This is apparent because Section 37 of Title 12 of LSA-R.S. was rewritten just as it was in Section 37 of Act 250 of 1928, which fixed the venue of suits against domestic corporations.
We have read the notes made by the reporters who compiled the various chapters of the Revised Statutes going to make up the completed text and find that these authors and reporters say that these Sections 3234 and 3235 are statutes governing the venue of suits to be brought against foreign corporations and do not cover the venue of suits to be brought against domestic corporations. Professor Bennett in the 11th Louisiana Law Review, page 4, subsequent to the adoption of the Revised Statutes in 1950, specifically stated that the statutes were not new law but were merely continuations and substitutes for the old law as adopted by the Legislature when the Revised Statutes were adopted. This author also states that in construing the statutes as revised, reference should be made to prior jurisprudence and legislative history to aid in interpreting their provisions. If the Legislature, in adopting the Revised Statutes, had intended to make a radical change and to fix the venue of suits against domestic corporations other than at its domicile, although it carried on its business or parts of its business in more than one parish in the State, it would have surely said so in no uncertain terms. It is true, as pointed out by the Court in Ramey v. Cudahy Packing Co., supra, that it at times will work a hardship on a person who deals with a corporation and force him to go many miles to seek adjustment of his rights, but this is a matter which addressed itself to the Legislature, and not the court.
We find the following in Vol. II, Section 451, Lewis’ Sutherland Statutory Construction:
“ * * * the mere re-enactment of a statute in a code or revision has been held not to change its meaning, construction or effect. And this is held to be true though the sections of an act are separated and arranged in different connections. Where the general lan *405 guage of an act is restrained by its title it will have the same limited meaning when incorporated into a code without the title. Where a later statute repealed by implication a provision in a prior statute and afterwards both statutes were incorporated into, and re-enacted, without change, as parts of a revision, it was held that the re-enactment of the repealed provision was an oversight, and that it remained without effect.”
Now, of course, under LSA-R.S. Section 37, Title 12, a domestic corporation is required to maintain a registered office and agent for service of process, and its registered office is its domicile for all purposes, under the general rule it must be sued at its domicile as any other defendant, unless the suit is grounded upon some cause of action arising under the exceptions provided for in the pleading and practice act •of the Code of Practice. Under the jurisprudence of the State at the time the Revised Statutes were adopted, although a domestic corporation did business in several parishes of the State, it was required when it was sued for a money judgment to be sued at its domicile. Ramey v. Cudahy Packing Co., supra; Weber v. H. G. Hill Stores, Inc., supra.
We adhere to the jurisprudence announced in the former decisions herein-above referred to, and hold that LSA-R.S. 13:3234 relating to the venue of suits against corporations did not change the prior law and is only applicable to foreign corporations.
“The rule of interpretation in matters of this kind is thus stated in 50 Am.Jur., Statutes, Sec. 555: ‘It is a general rule of law that where a statute is repealed and all, or some, of its provisions are at the same time re-enacted, the re-enactment is considered a reaffirmance of the old law, and a neutralization of the repeal, so that the provisions' of the repealed act which are thus re-enacted continue in force without interruption, and all rights and liabilities incurred thereunder are preserved and may be enforced. Similar-, ly, the rule of construction applicable to acts which revise and consolidate other acts is, that when the revised and consolidated act reenacts in the same or substantially the same terms the provisions of the act or acts so revised and consolidated, the revision and consolidation shall be taken to be a con-tination of the former act or acts, although the former act or acts may be expressly repealed by the revised and consolidated act; and all rights and liabilities under the former act or acts are preserved and may be enforced. Some codes contain an express provision for the continuation of provisions contained in existing laws, as far as they are the same as those included in the code.’ ” State v. Mathe, supra [219 La. 661, 53 So.2d 805].
For the reasons assigned, the judgment of the Lower Court is affirmed.