| iLOTTINGER, Chief Judge,
dissenting.
For the reasons which follow, I respectfully dissent.
Citing Billiot v. B.P. Oil Co., 93-1118 (La.9/2994); 645 So.2d 604, the majority concludes that “the language in the original statute recognizing the distinction between pulpwood and timber by the measurements used, by the cord for pulpwood and by the thousand feet log scale for trees and timber, is applicable to the current statute.” This conclusion, however, is not supported by Billiot or the cases cited therein.
Relying on State v. Mathe, 219 La. 661, 53 So.2d 802 (1951) and Perkins v. Brothers of Christian Schools, 71 So.2d 400 (La.App. 1st Cir.1954), the supreme court in Billiot, noted that, “[t]he general rule of interpretation is that provisions of an original act which are repeated in the body of an amendatory act, either in the same or equivalent words, are considered to be a continuation without change of the original law.” Billiot, 93-1118 at p. 10; 645 So.2d at 610 (Emphasis added). The reenactments and/or amendments of the statutes at issue in Billiot, Mathe and Perkins made no substantive changes to the original statutes. In those eases, the language of the original statutes was either identical or virtually unchanged upon reenactment or amendment. Thus, the courts concluded that the new statutes were merely reaffirmances of the original laws.
|¾⅛ the present case, the amended statute does not repeat, either in the same or equivalent words, the original statute’s references to measurements. The new statute omits all prior refex’ences to particular types of wood and measurements and establishes only two categories for the severance tax on forest products — (1) trees and timber and (2) pulpwood. La. R.S. 47:633(1) and (2). Because the language referring to measurements was not repeated in the amendment, such measurements are not applicable to the current statute and should not control the present classification of forest products.
As amended, La. R.S. 47:633 requires that the Commissions classify a forest product as either “trees and timber” or “pulpwood” before setting the severance tax on that product. To make this classification, a distinction between the two categories is necessary.
The terms “trees and timber” or “timber” are generally used to describe only those trees and that timber capable of being made into lumber. Louisiana courts have held that the term “timber” refers to trees suitable for the manufacture of lumber. Cooley v. Meridian Lumber Co., 195 La. 631, 197 So. 255, 259 (1940); Bennett v. Bennett, 14 So.2d 272, 273 (La.App. 1st Cir.1943). “Pulpwood” is wood which is not of a size or quality to convert into lumber. This distinction between timber and pulpwood has long been recognized by the courts. See Lampton Realty Co. v. Kerr, 154 La. 843, 98 So. 266 (1923). The legislature also recognized this distinction by establishing two categories of forest products for severance tax purposes.
As noted by the trial judge, chip and saw technology created the ability to use trees formerly converted into pulpwood to produce lumber. Because chip and saw is primarily converted into lumber, the Commissions properly classified it as “trees and timber.”
Furthermore, the requirements found in Louisiana’s Weights and Measures Law do not affect this classification. La. R.S. 3:4641 sets the standard of measurement for “saw logs” as the Doyle Log Rule. La. R.S. 3:4642 requires that no other scale or rule be used to compute the severance tax on saw logs. These statutes, which merely create a standard unit of measurement for saw logs, should not be read to limit the trees and timber category of La. R.S. 47:633(1).
La. R.S. 3:4642 does not require that all “trees and timber” be measured by the Doyle Log Rule; it requires only that “saw logs” be measured in this manner. By definition the *743 “trees and timber” category of La. R.S. 47:633(1) encompasses all forest products used to produce | slumber regardless of how those products are measured. The fact that chip and saw is measured by the cord rather than by the Doyle Log Rule does not change its classification from trees and timber to pulpwood.
Further, I do not find that the Commissions have exceeded their statutory authority or violated La. R.S. 3:4642 by classifying chip and saw as “trees and timber”. La. R.S. 47:633(1) and (2) require the Commissions to set the severance tax on all forest products based on the “current average stumpage market value of such timber.” To accurately determine the average market value of varying forest products, the Commissions established sub-categories under the basic categories of trees and timber and pulpwood. In 1994, the trees and timber category contained three sub-categories: (1) pine; (2) hardwood; and (3) chip and saw. Pulpwood had two sub-categories: (1) pine; and (2) hardwood.[1] Within these sub-categories the Commissions followed the mandate of La. R.S. 3:4642 by using the Doyle Log Rule to measure all saw logs.
To set the severance tax on forest products, the Commissions place each product into the appropriate sub-category, determine the current average stumpage market value of that product and then apply the statutorily mandated percentage. The result is a severance tax based on the “current average stumpage market value of such timber” as mandated by La. R.S. 47:633(1) and (2).
Lastly, the Commissions acted on December 13, 1993. If the legislature disagreed with the result reached, or if the legislature concluded the Commissions has exceeded their authority, it could have easily enacted remedial legislation.

. Appellees' have not challenged the Commissions' authority to establish the other sub-catego-ríes.