VICTORY, J.,
dissenting.
hi dissent from the majority’s holding that the one-year period for bringing a survival action in La. R.S. 2315.1 is prescriptive rather than peremptive. In my view, the legislature did not intend to change the law in 1986 when it amended La. R.S. 2315 to separate survival and wrongful death actions by enacting La. R.S. 2315.1 (survival actions) and La. R.S. 2315.2 (wrongful death actions).
Prior to 1986, the one-year period applicable to survival actions under La-. C.C. art. 2315 was one of peremption, not prescription. In Guidry v. Theriot, 377 So.2d 319 (La.1979), the Court went to great lengths to describe the difference between survival actions and wrongful death actions and to explain its position that while the one-year period applicable to survival actions under La. C.C. art. 2315 (“the right to recover all other damages ... if the injured person dies, ... shall survive for a period of one year from the death of the deceased ... ”) was peremptive, a wrongful death action could be brought under the general tort law prescriptive period of La. C.C. art. 3536. The Court explained:
The survival action is transmitted by the victim to the beneficiary who has one *245 year from the date of the victim’s death to bring the survival action if the victim died within a year of injury and without having brought suit. In such instances the beneficiary is in effect the recipient to a time bonus of more than one year in which to institute the victim’s faction. We deem it reasonable that the legislature would be concerned about the interval during which a potential defendant might be vulnerable to a survival action and therefore foreclosed the issue by providing an express time limitation.
These same considerations are not necessarily applicable to the totally separate and distinct wrongful death action which is a tort action that arises upon the death of the victim. It is not inherited, neither is it transmitted. From its inception it arises and exists only in favor of the beneficiary. Because Article 2315, does not provide a time limitation for the wrongful death action, we can conclude that it intended the general tort law of La. C.C. article 3526, which provides a prescriptive period of one year, applies to the action for wrongful death.
377 So.2d at 326.
With presumed knowledge of the law governing survival claims, in 1986 the Legislature enacted La. C.C. art. 2315.1 and 2315.2 to set forth the law regarding survival actions and wrongful death actions into two separate codal articles. Pursuant to La. C.C. art. 2315.1, “[i]f a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person ... shall survive for a period of one year from the death of the deceased ...” That is precisely the same language used in La. C.C. art. 2315 prior to 1986 that was held to be peremptive. When the legislature revises existing legislation but retains the language of the original law, our rules of
statutory construction demand that we recognize this as legislative intent to continue and perpetuate the existing law. Billiot v. B.P. Oil Company, 93-1118 (La.9/29/94), 645 So.2d 604, 610; State v. Mathe, 219 La. 661, 53 So.2d 802, 805 (1951). The majority fails to recognize this point, instead concluding that the inclusion of the word “prescriptive” in paragraph (C) repeals, by implication, the per-emptive period established by paragraph (A). However, the terms “prescriptive” and “peremptive” are not mutually exclusive and the use of the term “prescriptive” or “prescribes” in a statute does not necessitate a finding that the statute is prescriptive. “Prescription can be characterized as a species of prescription, indeed, and has been referred to as a form of prescription.” Dauterive Contractors, Inc. v. Landry and Watkins, 01-1112 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242 (cites omitted); see also Bunge Corp. v. GATX Corp., 557 So.2d 1376, 1379 (La.1990) (“peremption is prescription which is not subject to interruption or suspension”). While the use of the word “peremptive” in a statute indicates the legislative intent that the statute is peremptive, see e.g., Reeder v. North, 97-239 (La.10/21/97), 701 So.2d 1291, 1297, the corollary is not the case as courts routinely find statutes containing the words “prescriptive” or “prescribe” to be peremptive. See e.g., Succession of Pizzillo, 223 La. 328, 65 So.2d 783 (1953) (finding statute regarding adoption annulments to be peremptive even though it described the claim as one which would be “prescribed” after a certain lapse of time); Checkpoint Fluidic Systems Intern., Ltd. v. Guccione, 888 F.Supp.2d 780, 790 (E.D.La.2012), Tubus de Acero de Mexico, S.A v. American Intern. Inv. Corp., 292 F.3d 471, 482 (5th Cir.2002), Glod v. Baker, 04-1483 (La.App. 3 Cir. 3/23/05), 899 So.2d 642, 646 (all holding that the time period in La. R.S. 51: 1409(E) is peremptive rather *246 than prescriptive even though it uses the phrase “shall be prescribed”); State through La. Div. of Admin, v. McInnis Bros. Constr., 97-0742 (La.10/21/97), 701 So.2d 937, 948 (holding that La. R.S. 38:2189, which states the action “shall prescribe” is a peremptive time period).
We have historically found any statute which both creates or grants a right of action and provides for the time period in which to bring that action to be peremptive, see Mclnnis, supra at 941, and this one does. However, this is not the sole test, and courts should also focus on the language of the statute, the purpose behind the statute, and the public policy mitigating for or against suspension, interruption, or renunciation of the time limitation in order to determine whether the statute is presci’iptive of peremptive. Id.; State v. Bd. of Ethics v. Ourso, 02-1978 (La.4/9/03), 842 So.2d 346, 349. Instead of these things, the majority erroneously focuses solely |4on the word “prescriptive” in a separate paragraph of the statute.
In 1960, Article 2315 was amended to recognize the survival action as an exception to the traditional rule that the right of action for damages for personal injuries was a purely personal right that did not survive in case of death. See Guidry, supra at 323. The creation of a one-year peremptive period for survival actions in 2315 allowed the beneficiaries the right to file the claim, but addressed the problems of proof of decedent’s damages and his knowledge of such, which are essential to a survival claim because it provides for damages sustained by the decedent. These problems are evident in this case where the decedent passed away 27 years ago. Obviously, medical records and witnesses evidencing his injuries will be difficult if not impossible to find, which will greatly prejudice the defendants who must defend this claim.
In my view, the one-year time period for survival actions under La. C.C. art. 2315.1 is a peremptive period just as it was under La. C.C. art. 2315. Public policy mitigates against suspension or interruption of that period. Further, there is no indication the legislature intended to change the law. For all the above reasons, I respectfully dissent.